UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

**KENNARD WARFIELD, JR. and MARY
ELLEN WARFIELD,**

        **Plaintiff,**

-vs-                Case No.  2:07-cv-332-FtM-27DNF

**JAMES A. STEWART, TERRILL L.
STEWART, JAMES DUDLEY HALL a/k/a
JIM HALL, VIP REALTY GROUP, INC.,
PAMELA J. WHITNEY
(a.k.a. PAMELA WHITNEY
KOSTMAYER)
(f.k.a. PAMELA JONES-LEE),
DAVID FELGER,
GEORGIA FELGER,
GARY A. LEE, AND
JOHN DOE (1 THROUGH 10),**

        **Defendants.**
_____

## ORDER

  This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DETERMINE THE SUFFICIENCY OF PLAINTIFF, KENNARD WARFIELD, JR.'S RESPONSE TO DEFENDANTS' REQUEST FOR ADMISSIONS (Doc. No. 74)** |
| **FILED:** | **December 17, 2007** |
| | **THEREON** it is **ORDERED** that the motion is **DENIED**. |

The Defendants, James A. Stewart and Terrill L. Stewart are requesting that the Court require the Plaintiff, Kennard Warfield, Jr. to respond to the Request for Admissions served on October 5, 2007. The Plaintiff raises general objections to all of the Request for Admissions. The Plaintiff claims that the Request for Admissions are actually Interrogatories "cloaked" as admissions (exceeding the limit for Interrogatories), the Request for Admissions are vague or ambiguous, and the Request for Admissions relate to central facts in dispute. The Court reviewed the Requests for Admissions and did not find them to be interrogatories and did not find them to be vague or ambiguous. The Court will focus on whether the Request for Admissions are central facts in dispute.

Federal Rule of Civil Procedure 36 governs requests for admissions. A party may serve another party written requests to admit, "for the purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (b) the genuineness of any described documents." Fed.R.Civ.P. 36. The purpose of Rule 36 is to expedite the trial, and to relieve parties of the cost of proving facts that are not in dispute. *Perex v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002).

The Court has carefully reviewed the Requests for Admissions. The Requests for Admissions are asking that the Plaintiff admit or deny central facts in dispute in this case. For example, Request No. 1 provides, "Please admit or deny that you had no communication with James A. Stewart prior to closing on the purchase of the House," and Request No. 3 provides, "Please admit or deny that you did not inform James A. Stewart of your intention to add-on to or remodel the House." These Request for Admissions are cental facts in dispute in this action as is clear from the Amended Complaint. Further, Request Nos. 11 and 12, ask the Plaintiff to admit or deny whether James Stewart or Terrill Stewart had certain knowledge. The Plaintiff cannot possibly know whether another person had

knowledge regarding whether the property could be improved or not. Only James Stewart and Terrill Stewart could respond to that inquiry. Therefore, the Court will not require the Plaintiff, Kennard Warfield, Jr. to respond to the Request for Admissions.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this  23rd   day of January, 2008.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

-3-