# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**KENNARD WARFIELD, JR. and MARY ELLEN WARFIELD,**

          **Plaintiff,**

-vs-                                      Case No. 2:07-cv-332-FtM-27DNF

**JAMES A. STEWART, TERRILL L. STEWART, JAMES DUDLEY HALL a/k/a JIM HALL, VIP REALTY GROUP, INC., PAMELA J. WHITNEY (a.k.a. PAMELA WHITNEY KOSTMAYER) (f.k.a. PAMELA JONES-LEE), DAVID FELGER, GEORGIA FELGER, GARY A. LEE, AND JOHN DOE (1 THROUGH 10),**

          **Defendants.**

_____

## ORDER

This cause came on for consideration on the following motion(s) filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO COMPEL PLAINTIFF, KENNARD WARFIELD, JR. TO ANSWER DEFENDANTS, JAMES A STEWART AND TERRILL L. STEWART'S INTERROGATORIES (Doc. No. 73)** |
| **FILED:** | **January 14, 2008** |

**THEREON** it is **ORDERED** that the motion is **GRANTED in part, and DENIED in part.**

The Defendant, James Stewart and Terrill Stewart ("Stewarts") are requesting that the Court compel the Plaintiff, Kennard Warfield, Jr. ("Warfield") to respond to the Interrogatories served on October 5, 2007. Warfield objects arguing that the Stewarts did not serve proper Interrogatories, that the Interrogatories exceed the 25 numeric limit, and the Interrogatories are vague and burdensome.

Warfield argues that the Stewarts failed to comply with Local Rule 3.03(a) which requires the Interrogatories to be served so that there is sufficient space for the response to be written below the Interrogatory. In the alternative, Warfield argues that the Stewarts should have provided the Interrogatories on a computer disk for ease in responding. Although Warfield is technically correct that the Stewarts did fail to comply with Local Rule 3.03(a), Warfield already responded with his objections to the Interrogatories, therefore, this issue is moot.

Next, Warfield argues that the Stewarts have exceeded the numeric limitations of 25 as is provided in Fed.R.Civ.P. 33(a)(1). Rule 33(a)(1) provides as follows:

> Number. Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2).

Court have resolved the issue of whether a subpart to an interrogatory is "discrete" using various tests. *Oliver v. City of Orlando*, 2007 WL 3232227, *2 (M.D. Fla. 2007).

> Some courts have applied a "related question" test, assessing whether the particular subparts are logically or factually subsumed within and necessarily related to the primary question. *Williams v. Taser Int's, Inc.*, 2007 WL 1630875, *2 (N.D. Ga. 2007) (quoting *Ginn v. Genimi, Inc.*, 137 F.R.D. 320, 322 (D. Nev. 1991)). If the subparts are subsumed and necessarily related to the primary question, then the subpart is not "discrete" within the meaning of Rule 33(a). *Williams*, 2007 WL 1630875, *2. Alternatively, other courts have applied a different 'discrete information' standard under which interrogatory subparts which seek discrete pieces of information must be

>  counted separately for purposes of Rule 33(a). *Williams*, 2007 WL 1630875, *2 (citing *Prochaska & Assocs. v. Merrill Lynch, Pierce, Fenner & Smith*, 155 F.R.D. 189, 191 (D. Neb. 1993) ("if the interrogatories require discrete pieces of information those interrogatories are to be counted as if the sub-parts were specifically itemized")).

*Id.* The Court has reviewed the Interrogatories and finds that all of the subparts are related to the information sought in the primary question and therefore should be counted as a single interrogatory. For example, Interrogatory No. 1 provides as follows:

> Please identify all representations made by James A. Stewart or Terrill L. Stewart to you which relate to the presence of material latent or patent defects which materially affect the value of the home at issue as alleged in Paragraph[s] 74, 91, and 97 of the Plaintiffs' Complaint. As to each representation, please describe the substance of the representation, identify the person who made the representation, identify the person to whom the representation was made, and state the date and time the representation was made.

The summary of any representation made is the primary response to Interrogatory No. 1 and then the further information regarding the name, date, and time are logically related to the primary question. The Court determines that Interrogatory No. 1 should be counted as one Interrogatory. Further, the Court determines that the Stewarts did not exceed the numeric limits for interrogatories.

Warfield asserts that Interrogatory No. 24 does not have a time limitation. Interrogatory No. 24 provides as follows:

> Please identify all persons who have stayed in the House over night by stating their name, address, telephone number, and the approximate dates on which they stayed.

This Interrogatory has no time frame, and is overly broad. The Court will not require Warfield to respond to this Interrogatory.

Warfield objects to responding to Interrogatories that request Warfield to provide information as to how the House is in violation of restrictive covenants, municipal ordinances, zoning laws and regulations arguing that the Stewarts are requiring Warfield to prepare their case for them. In the

Amended Complaint, Warfield alleges that the House at issue in this case violates restrictive covenants, municipal ordinances, zoning laws, and regulations. The Stewarts are entitled to discover which of these laws and regulations apply in this action. The Court does not find that Warfield would be required to engage in extensive investigations, research or compilation of data to respond to these Interrogatories.

**IT IS FURTHER ORDERED:**

1) The Motion to Compel is granted with the exception of Interrogatory No. 24.

2) Within five (5) days from the date of this Order, the Stewarts shall provide the Interrogatories in a format that complies with Local Rule 3.03(a) or on a computer disk.

3) Within twenty (20) days from the date of this Order, Warfield shall respond fully to all Interrogatories propounded on October 5, 2007 with the exception of Interrogatory No. 24.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida this  24th   day of January, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record