# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

KENNARD WARFIELD, JR. and MARY
ELLEN WARFIELD,

          **Plaintiff,**

-vs-                                         **Case No.  2:07-cv-332-FtM-27DNF**

JAMES A. STEWART, TERRILL L.
STEWART, JAMES DUDLEY HALL a/k/a
JIM HALL, VIP REALTY GROUP, INC.,
PAMELA J. WHITNEY
(a.k.a. PAMELA WHITNEY
KOSTMAYER)
(f.k.a. PAMELA JONES-LEE),
DAVID FELGER,
GEORGIA FELGER,
GARY A. LEE, AND
JOHN DOE (1 THROUGH 10),

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PAMELA J. WHITNEY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT (Doc. No. 109)** |
| **FILED:** | **February 18, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

The Defendant, Pamela Whitney ("Whitney") is requesting that the Court dismiss her from Count III (Common law fraud) and Count XVII (Failure to disclose and breach of warranty) of the First Amended Complaint (Doc. 78). Whitney asserts that the issues raised by the Plaintiffs, Kennard Warfield, Jr. and Mary Ellen Warfield ("Warfields") are not ripe for adjudication, the claims are barred by laches, there are no allegations of wrongdoing on the part of Whitney, and the breach of warranty claims lacks privity and merger. The Warfields argue that Counts III and XVII state a claim upon which relief may be granted. An Endorsed Order (Doc. 110) entered by the Honorable James D. Whittemore, United States District Judge referred the Motion to Dismiss First Amended Complaint (Doc. 109) for a report and recommendation.

## I.  Standard for Motion to Dismiss

In deciding a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed.R.Civ.P. 12(b)(6), the Court must accept as true all factual allegations in the Complaint. *Erickson v. Pardus*, _____ U.S. ____, 127 S.Ct. 2197, 2200 (2007). The Court must construe the allegations in the light most favorable to the plaintiff. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, _____ U.S. ____, 127 S.Ct. 1955, 1960 (2007). The threshold to survive a motion to dismiss is exceedingly low, however, a plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.

## II. Allegations in the First Amended Complaint relating to Pamela Whitney

The Plaintiff, Kennard Warfield, Jr. and Mary Ellen Warfield allege that the Defendants, James Stewart and Terrill Stewart purchased the home located at 1558 San Carlos Bay Drive, Sanibel, Florida 33957 from the Defendant, Pamela Whitney on April 15, 1998. (Com.[1] ¶¶ 15, 230).  The Stewarts sold the house to the Warfields on October 14, 2005.  (Com. ¶¶13, 15, 68).  In Count III, the Warfields assert that Whitney fraudulently misrepresented or omitted facts with the intent to deceive upon which the Warfields relied to their detriment and were thereby injured.  (Com. ¶114).  In Count XVII, the Warfields allege that  the Defendants, David Felger and Georgia Felger ("Felgers") sold the house to Whitney and Gary Lee ("Lee") on September 15, 1993.  (Com. ¶228).  Lee transferred his interest in the property to Whitney by Quit Claim Deed some time before April 15, 1998.  (Com. ¶229).  The Warfields assert that Whitney had a duty to disclose that the house was built with a variance. (Com. ¶232).  The Warfields claim the Felgers failed to disclose to Whitney and Lee that the house was constructed with a variance.  (Com. ¶233).  The Warfields assert that Lee failed disclose to Whitney that the house was built with a variance.  (Com. ¶234).  The Warfields claim that Whitney knew or should have known and failed to disclose to the Stewarts that the house was built with a variance. (Com. ¶ 235).

## III.  Claim Not Ripe for Adjudication

Whitney asserts that the Warfields allege that a variance would be required to remodel the home as desired by the Warfields.   Whitney argues that Count XVII for breach of warranty is based upon Fla. Stat. §689.02, which has the effect of  common law warranties of deed which are covenants of

---

[1] "Com." refers to the First Amended Complaint (Doc. 78).

seisin, good right to convey, quiet enjoyment against encumbrances, and the warranty to defend good title. Whitney argues that the Warfields failed to specify exactly which of these warranties was breached, but "assuming PLAINTIFF [sic] wishes to recover under any of them, several are barred by ripeness." (Doc. 109, p. 3). Whitney contends that the covenant of quiet enjoyment requires an eviction or encroachment, and a warranty to defend good title requires a claim or action to be instituted alleging adverse possession. Whitney fails to cite any cases in support of these propositions.

The Warfields assert that Count XVII contains a Failure to Disclose and a Breach of Warranty claim, however Whitney is only attacking the Breach of Warranty part of Count XVII. The Warfields assert that Florida does not require an actual eviction or encroachment as a condition precedent to bringing an action for breach of warranty, and a legal fiction satisfies the eviction or encroachment requirement. Further, the Warfields argue that they are not required to expend additional funds in a futile effort to cure a breach of warranty.

"The usual common law covenants included in a warranty deed in Florida are the covenants of seisin, good right to convey, quiet enjoyment against encumbrances and that the grantor will warrant and defend the title. *B.W.B. Corp. v. Muscare*, 349 So. 2d 183, 184 (Fla. 3d DCA 1977) (citing *Coral Gables, Inc. v. Payne*, 94 F.2d 593 (Fla. 4th DCA 1938)). The Court found cases regarding the breach of the covenant of quiet enjoyment, however these cases all dealt with the breach of the covenant of quiet enjoyment in a lease, and not in a warranty deed. Constructive eviction does constitute a breach of the covenant of quiet enjoyment in a lease. *See*, *Barton v. Mitchell Co.*, 507 So.2d 148, 149 (Fla. 4th DCA 1987). However, the Court finds no cases that support the proposition that a breach of the covenant of quiet enjoyment against encumbrances in a warranty deed requires a constructive eviction to be ripe. Whitney also asserts that the warranty to defend good title requires a claim or action be

instituted alleging adverse possession.  Whitney cites no cases in support of this argument, and the Court finds no cases which support the argument that the Warfields must have a claim or action for adverse possession.  Therefore, the Court will deny the Motion to Dismiss First Amended Complaint relating to the ripeness of the claims in Count XVII.

**IV**.  **Claims Barred by Laches**

Whitney asserts that Fla. Stat. §95.11(6) provides that laches bars any action which is not brought within the time period "for legal actions concerning the same subject matter regardless of lack of knowledge by the person sought to be held liable that the person alleging liability would assert his or her rights and whether the person sought to be held liable is injured or prejudiced by the delay." Whitney contends that the First Amended Complaint contains in Paragraph 15 allegations that Whitney made representations concerning the property prior to April 15, 1998.  Whitney argues that Count III alleges fraudulent misrepresentation and the corresponding statute of limitations is four years pursuant to Fla.Stat. §95.11(3)(j).  Section 95.11(3)(j) provides the statute of limitation of four years for "[a] legal or equitable action founded on fraud."  Whitney argues that the Warfields' limitations period began when the Stewarts purchased the property from Whitney and the Stewarts knew or should have known through due diligence whether any representations made by Whitney were false.  The Warfields assert that Whitney is actually arguing statute of limitations and not laches.  Whitney cites to Fla. Stat. §95.11(6) which is entitled, "laches" and therefore, this argument by the  Warfields is without merit. Next the Warfields assert that it is not appropriate to raise a limitations argument on a motion to dismiss unless the facts establish conclusively that the limitations period has run.

A claim for fraud will only be dismissed when it "appear[s] on the face of the complaint and establish[es] conclusively that the statute of limitations bars the action as a matter of law." *McLeod*

*v. Barber*, 764 So.2d 790, 792 (Fla. 5th DCA 2000).  The statute of limitations for fraud begins to run

when the fraud was discovered or should have been discovered.  *Dula v. Fehr*, 744 So.2d 604, 605

(Fla. 2nd DCA 1999).  The Warfields allege that April 2007 was when they were informed by an

architectural firm that the house was built with a variance, and that they could not remodel the house

without an additional variance.  (Com. ¶71).  The First Amended Complaint, on its face, contains

sufficient allegations that this action is not barred by laches. The issue of whether the Warfields or

Stewarts knew of or should have known about the variance prior to that time is a disputed fact.  The

Court must accept the facts as alleged in the First Amended Complaint.

Whitney also asserts that the prejudice to her brought about by the delay in a key factor in

determining whether laches should apply.  The Court reviewed Fla.Stat. §95.031(2)(a), the statue of

repose in fraud cases which provides that in "any event an action for fraud under s. 95.11(3) must be

begun within 12 years after the date of the commission of the allege fraud, regardless of the date the

fraud was or should have been discovered."  Even using the date that Whitney sold the property to the

Stewarts, the alleged fraud was discovered within the 12 years of the statute of repose.  Therefore, the

Court does not find undue prejudice to Whitney for any delay in bringing this action.

### V. Count III No Allegations of Wrongdoing

Whitney argues that Count III does not make any mention of Whitney nor allege any action on

her part.  In Count III, the Warfields incorporate Paragraph 15, which states that Mr. and Mrs. Stewart

purchased the house from Whitney.  (Com. ¶15).  Then, in Count III, the Warfields allege that

Whitney along with others "fraudulently omitted/misrepresented facts, made or omitted with

knowledge of its falsity, and with the intent to deceive, upon which the Plaintiffs reasonably relied to

their detriment and/or otherwise injured, as evidenced by the $1,400,000.00 paid to the Defendants/Sellers." (Com. ¶114).

Pursuant to Fed. R.Civ.P. 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See also, American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1065 (11th Cir. 2007).   The elements of fraud are "(1) a false statement of fact; (2) known by the defendant to be false at the time that it was made; (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representation; and (5) resulting damage or injury." *National Ventures, Inc. v. Water Glades 300*, 847 So.2d 1070, 1074 (Fla. 4th DCA, 2003) (quoting *Mosley v. Am. Med. Int'l, Inc.*, 712 So.2d 1149, 1151 (Fla. 4th DCA 1998)).   The Warfields have failed to state with specificity any false statement of fact or omission made by Whitney regarding the sale and purchase of the property at issue.  The Warfields have failed to state a cause of action against Whitney regarding fraud. Therefore, the Court finds that Count III should be dismissed against Whitney.

## VI.  Count XVII Barred by Lack of Privity and Merger

Whitney argues that the claim for a breach of the covenant of no encumbrances alleged in Count XVII must fail for lack of privity and merger.   Whitney asserts that the warranty deed transferring the property from Whitney to the Stewarts transferred the property subject to "all applicable zoning ordinances and/or restrictions and prohibitions imposed by governmental authorities, if any" and the warranty deed from the Stewarts to the Warfields transferred the property subject to "restriction and reservations of record." (See, Exhibits to Doc. 109).  Whitney argues that to show that the property was subject to an encumbrance, the Warfields must show that there was some

violation of the zoning laws that existed at the time of the transfer.  Whitney asserts that there is no dispute that the house was built with the requisite variance approval and proper permits, and was issued a valid completion certificate.  Whitney argues that there are no violation notices issued by the City of Sanibel regarding the property at issue, and that property is being used in compliance with the variance. Whitney contends that any issue regarding disclosure was merged into the negotiations between the Stewarts and the Warfields and the contract for purchase and sale of the property at issue.   Whitney also asserts that she purchased the property subject to the variance, and she is in the same position as the Warfields in that the zoning restrictions are a matter of public record which the Warfields could have discovered as easily as Whitney.  Whitney cites no case law in support of her arguments.

The Warfields respond that Whitney failed to distinguish between "present" covenants and "future" covenants arguing that present covenants are breached at the time the deed is delivered and accepted whereas future covenants are breached only when  the "covenantee is actually disturbed." (Doc. 123, p. 10).  The Warfields cite to the case of *Abstract Co. of Sarasota v. Roberts*, 144 So.2d 3, 4-5 (Fla. 2nd DCA 1962) for the proposition that all grantors back to the original grantor are liable upon a breach of the covenant of title.  In *Roberts*, the Court determined that the existence of an easement was a breach of the general warranty covenants, and that all grantors back to the original grantor "become liable upon the breach of the covenant of title to the assignee or grantee in possession." *Abstract Co. of Sarasota v. Roberts*, 144 So.2d at 4.  Absent Whitney citing any case law in support of her claim, the Court will not dismiss Count XVII based on the arguments of merger and privity.

### VII. Conclusion

It is respectfully recommended that the Motion to Dismiss First Amended Complaint (Doc. 123) be granted in part and denied in part, and that Count III be dismissed against Pamela J. Whitney for failure to state a claim upon which relief may be granted, and that the Motion to Dismiss First Amended Complaint (Doc. 123) be denied as to Count XVII.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __17th__ day of April, 2008.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record