UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

KENNARD WARFIELD, JR., et al.,

                       Plaintiffs,

vs.

JAMES A. STEWART, et al.,

                       Defendants.
_____/

Civil Action No.
2:07-CV-332-FTM-33DNF

Judge Virginia M. Hernandez Covington
Judge Douglas N. Frazier

**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS AND
OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

      Plaintiffs Kennard and Mary Ellen Warfield (the "Warfields" or "Plaintiffs"), propose the

following jury instructions.  Except as otherwise indicated, they are taken from the Eleventh

Circuit Pattern Jury Instructions or the Florida Standard Jury Instructions in Civil Cases.

Plaintiffs also herein state their objections to the jury instructions proposed by Defendants James

A. Stewart, as substituted by the Executrix of the James A. Stewart's Estate, Mrs. Terrill L.

Stewart and Mrs. Terrill L. Stewart (the "Stewarts") and by Defendants James D. Hall and VIP

Realty Group, Inc. (the "Realtor Defendants").

*I.*    *Fraud In The Inducement (11th Circuit)*

      In this case the Warfields claim that the Defendants committed a fraud - - that the

Defendants made certain allegedly false and fraudulent misrepresentations and omissions to the

Warfields.  The term "fraud" is generally defined in the law as an intentional omission of a

material existing fact made by one person to another with knowledge of its falsity; made for the

purpose of inducing the other person to act; and upon which the other person does in fact rely

with resulting injury or damage.  Fraud may also include an omission or intentional failure to

state material facts, knowledge of which would be necessary to make other statements by the

Defendants not misleading to the Warfields.  In this case, the Warfields claim that certain of the Defendants made fraudulent statements and omissions.

In this instance, the alleged statements and omissions that the Warfields claim were fraudulently made are as follows:

- Each of the Defendants failed to disclose to the Warfields that the property was subject to restrictions affecting additions, improvements, or replacement (the "restrictions").

- In the Contract of Sale, the Stewarts made the following representation to the Warfields:  There are no facts known to the Stewarts materially affecting the value of the property which are not readily observable to the Warfields or which have not been disclosed to the Warfields.

- In the Transaction Broker Agreement, VIP Realty Group and its agent, Mr. Hall, made the following representations to the Warfields:  To disclose all known facts that materially affect the value of the residential real property and are not readily observable.

- Defendants VIP Realty Group and its agent, Mr. Hall, stated that the asking price for the property was $1,700,000.

- Defendants VIP Realty Group and its agent, Mr. Hall, stated that the Stewarts did not accept the Warfields' $1,300,000 offer for the property.

Each of these alleged misrepresentations and omissions should be considered and judged separately in accordance with the instructions that follow. It is not necessary that the Warfields prove all of them in order to recover.

To prevail on this claim of fraud, therefore, the Warfields must prove each of the following facts by a preponderance of the evidence:

*First*: That the Defendants made one or more of those alleged misrepresentations or omissions;

*Second*: That the misrepresentation or omission related to a material existing fact;

***Third***: Those Defendants knew, or should have known, at the time they made the

misrepresentation that it was false, or acted with reckless disregard for its truth or falsity, or that

any of the Defendants knew, or should have known, or acted with reckless disregard of whether,

their omission made other statements materially misleading;[1]

***Fourth***: That the Defendants intended to induce the Warfields to rely and act upon the

misrepresentation or omission; and

***Fifth***: That the Warfields relied upon the misrepresentation or omission and suffered

injury or damage as a result.

To make a "misrepresentation" simply means to state as a fact something that is false or

untrue.  To make a material "omission" is to omit or withhold the statement of a fact, knowledge

of which is material or necessary to make other statements not misleading.  To constitute fraud,

then, a misrepresentation must not only be false or an omission must make other statements

misleading, but the misrepresentation or omission must also be "material" in the sense that it

relates to a matter of some importance or significance rather than a minor or trivial detail.  If you

find that the Warfields would not have purchased the property had they known of the restriction,

the restriction is a material fact.  It must also relate to an "existing" fact.

To constitute fraud the Warfields must also prove that the Defendants made the

misrepresentation or omission knowingly and intentionally, not as a result of mistake or accident.

It must be proved that the Defendants either knew [or should have known][2] of the falsity of the

---

[1] See Eleventh Circuit Pattern Jury Instructions at 507.  Jackson v. BellSouth Telecomm., Inc., 181 F.Supp.2d 1345, 1361 n.14 (S.D. Fla. 2001) (the elements of fraud in the inducement include "that the representer knew or should have known of the statement's falsity"); S. Broad. Group, LLC v. Gem Broad., Inc., 145 F.Supp.2d 1316, 1329 (M.D. Fla. 2001); Samuels v. King Motor Co. of Fort Lauderdale, 782 So.2d 489, 497 (Fla. 4th DCA 2001).

[2] Ibid.

misrepresentation or the false effect of the omission, or that the Defendant made the

misrepresentation or omission in reckless disregard for its truth or falsity.

[With respect to the Defendants' knowledge of the restrictions, if you find that a

Defendant received or possessed a document, that Defendant is presumed to have knowledge of

the document's contents.[3]  Notice of facts may be of two kinds: (1) express, which includes what

might be called direct information; and (2) implied, which is said to include notice inferred from

the fact that the person had means of knowledge, which it was his duty to use and which he did

not use, or, as it is sometimes called, 'implied actual notice.'[4]]

Finally, to constitute fraud the Warfields must prove that the Defendants intended for the

Warfields to rely upon the misrepresentation or omission; that the Warfields did in fact rely upon

the misrepresentation or omission; and that the Warfields suffered injury or damage as a

proximate result of the fraud.

When it is shown that a Defendants made a material misrepresentation or omission with

the intention that the Warfields rely upon it, then, under the law, the Warfields may rely upon the

truth of the representation even though its falsity could have been discovered had the Warfields

made an investigation, unless the Warfields knew the representation to be false or its falsity was

obvious to them.

Damages are the proximate or legal result of the fraud if you find from a preponderance

of the evidence that, except for the fraudulent act, the damages would not have occurred. The

fraudulent act may be a proximate or legal cause of damages even though the act operates in

---

[3] <u>Air Flow Heating and Air Conditioning, Inc., v. Baker</u>, 326 So.2d 449, 451-52 (Fla. 4th DCA 1976).

[4] <u>Sapp v. Warner</u>, 105 Fla. 245, 141 So. 124 (Fla. 1932).

combination with the act of another so long as the fraud contributes substantially to producing the damages.

If you find for the Warfields on the claim of fraud, you will then consider the amount of money damages to be awarded to the Warfields.  In that respect you should award the Warfields an amount of money shown by a preponderance of the evidence to be fair and adequate compensation for such loss or damage as resulted from the fraud.

In considering the issue of the Warfields' damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Warfields' damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

- The decreased value of the property as a result of the fraud.

- The costs incurred by the Warfields as a result of the fraud.

- The costs necessary for the Warfields to remedy the fraud.

The Warfields also claim that the acts of the Defendants were done with malice or reckless indifference to the Warfields' rights so as to entitle the Warfields to an award of punitive damages in addition to compensatory damages.

If you find for the Warfields, and if you further find that the Defendants did act with malice or reckless indifference to the rights of others, the law would allow you, in your discretion, to assess punitive damages against the Defendants as punishment and as a deterrent to

others.  If you find that punitive damages should be assessed, a separate hearing will be held to determine the financial resources of the Defendants and to fix the amount of punitive damages to be awarded.

If you find for the Warfields you must not take into account any consideration of attorneys' fees or court costs in deciding the amount of Warfields' damages.  The matter of attorney's fees and court costs will be decided later by the Court.

**_Authority_**:  *Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005 (hereinafter "Eleventh Circuit") at 3.1.  Deviations and additions are as noted.  On the issue of knowledge, the annotations to the Jury Instruction state that a claim of fraudulent inducement may be sustained upon proof that the defendant knew or should have known of the falsity of the alleged statement or omission.  *_Id_.* at  507.  The instruction regarding defendant's notice and knowledge of facts contained in documents reflects Florida law as indicated in the applicable footnotes.*

**_Objections to Defendants' Instructions_**:

*Plaintiffs object to the Stewarts' Proposed Jury Instruction # 11 on the grounds that it contravenes this Court's Pretrial Order instructing that the parties utilize the Eleventh Circuit Pattern Jury Instructions.  Furthermore, the Stewarts' Proposed Jury Instruction # 11 includes affirmative defenses not included in the Joint Pretrial Statement.*

*Plaintiffs object to VIP/Hall's Proposed Jury Instruction # 9 on the grounds that this proposed jury instruction substantially deviates from the Eleventh Circuit Pattern Jury Instructions (Civil) 2005, §3.1 at pp.497 – 508.  Additionally, VIP/Hall has included within the instruction a defense of waiver of fraud.  Defendants' VIP/Hall did not plead the waiver of fraud as an affirmative defense in their Answer to the 2nd Amended Complaint, nor is such a affirmative defense enumerated in the Joint Pretrial Statement.  It is undisputed that the*

*Warfields did not know about the restriction prior to entering into the Contract of Sale or closing on the property.  The Plaintiffs propose their own Jury Instruction which is modeled after the Eleventh Circuit Pattern Jury Instruction for fraud.*

GRANTED                          _____

GRANTED AS MODIFIED     _____

DENIED                             _____

## II.     *Negligent Misrepresentation (Florida Standard Civil)*

On the Warfields' claims for negligent misrepresentation, the issues are similar to those with respect to Fraud.  A claim for negligent misrepresentation can be based on an omission as well as a false statement.  The issues for your determination are as follows:

*First*, whether any of the Defendants made a statement concerning a material fact that he or she believed to be true but which was in fact false, or failed to disclose a material fact; *i.e.* the restrictions affecting improvements, additions, or replacement of the property;

*Second*, whether any of the Defendants were negligent in making the statement because he or she should have known the statement was false, or that the omitted fact was material;

*Third*, whether in making or omitting the statement, the Defendants expected that the Warfields would rely on the statement or the omission;

*Fourth*, whether the Warfields reasonably relied on the false statement or omission; and

*Fifth*, whether the Warfields suffered damage as a result.

"Negligence" is the failure to use reasonable care.  Reasonable care is that degree of care which a reasonably careful person would use under like circumstances.  Negligence may consist

either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.

With respect to the Defendants' knowledge of the restrictions, if you find that a Defendant received or possessed a document, that Defendant is presumed to have knowledge of the document's contents.[5]  Notice of facts may be of two kinds: (1) express, which includes what might be called direct information; and (2) implied, which is said to include notice inferred from the fact that the person had means of knowledge, which it was his duty to use and which he did not use, or, as it is sometimes called, 'implied actual notice.'[6]

***(from 11th Circuit)*** Damages are the proximate or legal result of the false statement or omission if you find from a preponderance of the evidence that, except for the false statement or omission, the damages would not have occurred. The false statement or omission may be a proximate or legal cause of damages even though the act operates in combination with the act of another so long as the false statement or omission contributes substantially to producing the damages.

If you find for the Warfields on the claim of negligent misrepresentation, you will then consider the amount of money damages to be awarded to the Warfields.  In that respect you should award the Warfields an amount of money shown by a preponderance of the evidence to be fair and adequate compensation for such loss or damage as resulted from the false statement or omission.

In considering the issue of the Warfields' damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation

[5] Air Flow Heating and Air Conditioning, Inc., v. Baker, 326 So.2d 449, 451-52 (Fla. 4th DCA 1976).

[6] Sapp v. Warner, 105 Fla. 245, 141 So. 124 (Fla. 1932).

for all of the Warfields' damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

- The decreased value of the property as a result of the false statement or omission.

- The costs incurred by the Warfields as a result of the false statement or omission.

- The costs necessary for the Warfields to remedy the false statement or omission.

*If defendants insert an instruction on comparative negligence, then insert the following:*

Finding in favor of any of the Defendants on this defense will not prevent recovery by the Warfields, it will only reduce the amount of the Warfields' recovery from that Defendant.  In other words, if you find that the damages were due partly to the fault of the Warfields - - that the Warfields' own negligence was, for example, 50% responsible for the Warfields' own damage - - then you would fill in that percentage as your finding on the special verdict form that I will explain in a moment.  Such a finding would not prevent the Warfields from recovering; the Court will merely reduce the Warfields' total damages by the percentage that you insert.  Of course, by using the number 50% as an example, I do not mean to suggest to you any specific figure at all. If you find that the Warfields were negligent, you might find 1% or 99%.

*Authority:  Florida Standard Jury Instructions in Civil Cases (2007) (hereinafter "Florida Civil") 8.1.  Plaintiffs have included the Eleventh Circuit instruction on damages, including comparative negligence.*

_**Objections to Defendants' Instructions:**_

Plaintiffs object to the defendants' proposed instruction of waiver as a defense to the claim of negligent misrepresentation.  It is undisputed that the Plaintiffs did not learn of the restrictions on the property until after the closing.

Plaintiffs object to the Stewarts' Proposed Jury Instruction # 12 on the grounds that it is not modeled after the Florida Standard Jury Instruction (Civil) MI 8.1.   Furthermore, the Stewarts' Proposed Jury Instruction # 11 includes affirmative defenses not included in the Joint Pretrial Statement.

Plaintiffs object to VIP/Hall's Proposed Jury Instruction # 10 on the grounds that it substantially deviates from the Florida Standard Jury Instruction (Civil) MI 8.1.

GRANTED                          _____

GRANTED AS MODIFIED      _____

DENIED                              _____

**III.    _Failure to Disclose (Johnson v. Davis) (Special)_**

Florida law provides a cause of action against a seller and broker of residential real property for failure to disclose material facts.  The law requires that where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer.  VIP Realty Group and its agents, as brokers, had the same duty of disclosure as did the Stewarts.

Unlike fraud and misrepresentation, it is not necessary for the Warfields to prove that any of the Defendants intended to deceive them.  The Defendants' state of mind motivating the

failure to disclose is immaterial; the forgetful or unsophisticated Defendant is just as liable as the knowing dissembler.[7]

In this case, you will be asked to determine the following:

*First*, did any of the Defendants know of the restrictions affecting additions, improvement or replacement of the property?

*Second*, did any of the Defendants disclose to the Warfields the restrictions?  The Defendants have admitted that no such disclosure was made.

*Third*, are the restrictions material?

*Fourth*, were the restrictions either known to or readily observable by the Warfields?

With respect to the Defendants' knowledge of the restrictions, if you find that a Defendant received or possessed a document, that Defendant is presumed to have knowledge of the document's contents.[8]  Notice of facts may be of two kinds: (1) express, which includes what might be called direct information; and (2) implied, which is said to include notice inferred from the fact that the person had means of knowledge, which it was his duty to use and which he did not use, or, as it is sometimes called, 'implied actual notice.'[9]

If you find that the restrictions materially affected the value of the property to the Warfields, then the restrictions are material.  The parties have stipulated that the Warfields did not know about the restrictions, but you still must determine if the restrictions were "readily observable" by the Warfields.  A fact is "readily observable" if an ordinary person would discover it upon a cursory glance.

---

[7] Billian v. Mobil Corp., 710 So.2d 984, 988 (Fla. 4th D.C.A 1998)

[8] Air Flow Heating and Air Conditioning, Inc., v. Baker, 326 So.2d 449, 451-52 (Fla. 4th DCA 1976).

[9] Sapp v. Warner, 105 Fla. 245, 141 So. 124 (Fla. 1932)

*(from 11th Circuit)* Damages are the proximate or legal result of the non-disclosure if you find from a preponderance of the evidence that, except for the non-disclosure, the damages would not have occurred.  The non-disclosure may be a proximate or legal cause of damages even though the non-disclosure operates in combination with the act of another so long as the non-disclosure contributes substantially to producing the damages.

If you find for the Warfields on the claim of non-disclosure, you will then consider the amount of money damages to be awarded to the Warfields.  In that respect you should award the Warfields an amount of money shown by a preponderance of the evidence to be fair and adequate compensation for such loss or damage as resulted from the non-disclosure.

In considering the issue of the Warfields' damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Warfields' damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

- The decreased value of the property as a result of the non-disclosure.

- The costs incurred by the Warfields as a result of the non-disclosure.

- The costs necessary for the Warfields to remedy the non-disclosure.

The Warfields also claim that the acts of the Defendants were done with malice or reckless indifference to the Warfields' rights so as to entitle the Warfields to an award of punitive damages in addition to compensatory damages.

-12-

If you find for the Warfields, and if you further find that the Defendants did act with malice or reckless indifference to the rights of others, the law would allow you, in your discretion, to assess punitive damages against the Defendants as punishment and as a deterrent to others.  If you find that punitive damages should be assessed a separate hearing will be held to determine the financial resources of the Defendants and to fix the amount of punitive damages to be awarded.

If you find for the Warfields you must not take into account any consideration of attorneys' fees or court costs in deciding the amount of Plaintiff's damages.  The matter of attorney's fees and court costs will be decided later by the Court.

**_Authority_**:  _Johnson v. Davis_, 480 So.2d 625 (Fla. 1985), _Billian v. Mobil Corp._, 710 So.2d 984, 988 (Fla. 4th D.C.A 1998).  Plaintiffs have included the Eleventh Circuit instruction on damages.

**_Objections to Defendants' Instructions_**:

 _Plaintiffs object to the defendants' proposed instruction of waiver as a defense to the claim of nondisclosure.  It is undisputed that the Plaintiffs did not learn of the restrictions on the property until after the closing._

_Plaintiffs object to the Stewarts' Proposed Jury Instruction # 15 on the grounds that it substantially deviates from the Florida authority cited above, including Johnson v. Davis, 480 So.2d 625 (Fla. 1985).  Furthermore, the Stewarts' Proposed Jury Instruction # 15 includes affirmative defenses not included in the Joint Pretrial Statement._

_Plaintiffs object to VIP/Hall's Proposed Jury Instruction # 11 on the grounds that it substantially deviates from the Florida authority cited above, including Johnson v. Davis, 480 So.2d 625 (Fla. 1985)._

GRANTED                              _____

GRANTED AS MODIFIED       _____

DENIED                                 _____

### IV.   *Breach of Contract (Florida Standard Civil)*

The Warfields have brought claims against the Stewarts, and VIP Realty Group and its agent, Mr. Hall, for breach of contract.  A contract is an agreement establishing the parties' rights and duties.  The Warfields and Stewarts entered into the Contract of Sale for the property.  The Warfields and VIP Realty Group and its agent, Mr. Hall, entered into a contract known as the Transaction Broker Agreement.

Pursuant to the Transaction Broker Agreement, VIP Realty Group and its agent, Mr. Hall, owed the Warfields the following duties:

- Deal honestly and fairly with the Warfields,

- Account for all funds,

- Use skill, care, and diligence in the transaction,

- Disclose all known facts that materially affect the value of residential real property and are not readily observable to the Warfields,

- Present all offers and counteroffers in a timely manner.

Under Florida law, any broker or sales associate of VIP Realty Group, including those whom the Defendants claim to be "independent contractors," are to be considered employees of VIP Realty Group for the purpose of fulfilling the obligations of the Transaction Broker Agreement.  An employer is liable for the acts and omissions of its employees within the scope of employment.

Pursuant to the Contract of Sale, the Stewarts owed the Warfields the following duties:

-14-

- Disclose to the Warfields facts known to the Stewarts materially affecting the value of the property which are not readily observable by the Warfields.

The issues for you to determine on the Warfields' claims against VIP Realty Group and its agent, Mr. Hall, are whether those defendants fulfilled each and every one of their obligations under the Transaction Brokerage Agreement.  If you find that VIP Realty Group and its agent, Mr. Hall, failed to do so, you must determine whether their failure(s) legally caused damage to the Warfields.  If the preponderance of the evidence supports their claim of breach of contract, you should find for the Warfields.  If the preponderance of the evidence does not support their claim, you should find for VIP Realty Group and its agent, Mr. Hall.

The issues for you to determine on the Warfields' claims against the Stewarts are whether they fulfilled each and every one of their obligations under the Contract of Sale.  If you find that the Stewarts failed to do so, you must determine whether their failure(s) legally caused damage to the Warfields.  If the preponderance of the evidence supports their claim of breach of contract, you should find for the Warfields.  If the preponderance of the evidence does not support their claim, you should find for the Stewarts.

Failure to perform one's duties under a contract is a legal cause of damage if it directly and in natural and continuous sequence produces or contributes substantially to producing damage, so that it can reasonably be said that, but for the failure to perform, the damage would not have occurred.

If you find for the Warfields, you should award the Warfields an amount of money that the preponderance of the evidence shows will fairly and adequately compensate them for damages caused by the Defendants' failure to perform.  The Warfields are entitled to recover damages that will put them in the same position they would have been in if the Defendants had

performed their duties under the contract.  However, the Warfields are entitled to recover only those damages that the parties reasonably could have anticipated, at the time they entered into the contract, probably would result from the Defendants' failure to perform.

If you find for the Warfields you must not take into account any consideration of attorneys' fees or court costs in deciding the amount of Plaintiffs' damages.  The matter of attorney's fees and court costs will be decided later by the Court.

*__Authority__: Florida Civil MI 12.1.  Pursuant to __Warfield v. Stewart__,2007 WL 3378548(M.D.Fla. 2007), this Court has held that the Transaction Broker Agreement is a contract.  The obligations imposed on the Realtor Defendants therein are identical to those imposed by statute.  F.S.A. § 475.278 (2)(a).  The statute provides that for purposes of discharging these obligations VIP's sales associates and brokers are to be considered "employees," notwithstanding that they characterize themselves as, inter alia, independent contractors.  F.S.A § 475.01(2).  Pursuant to Florida law, an employer is liable for the acts and omissions of its employees committed within the scope of their employment.  __Mercury Motors Express, Inc. v. Smith__, 393 So.2d 545, 549 (Fla.1981) ("An employer may be vicariously liable for compensatory damages resulting from acts of its employees committed within the scope of their employment, even if the employer is without fault.)*

__*Objections to Defendants' Instructions:*__

*Plaintiffs object to the Stewarts' Proposed Jury Instruction # 13 & 14.  The Eleventh Circuit Pattern Jury Instructions (Civil) do not contain a breach of contract or the implied covenant of good faith and fair dealing instruction.  The Stewarts' Proposed Jury Instruction # 13 & 14 substantially deviates from the Florida Standard Jury Instruction, MI 12.1. Additionally, the Stewarts have included within the instruction a defense of waiver of fraud.*

*Stewarts did not plead the waiver of fraud as an affirmative defense in their Answer to the 2nd Amended Complaint, nor is such an affirmative defense enumerated in the Joint Pretrial Statement.  Furthermore, the Stewarts' Proposed Jury Instructions # 13 & 14 includes affirmative defenses not included in the Joint Pretrial Statement.  The Plaintiffs propose their own Jury Instruction which is modeled after the Florida Standard Jury Instruction, MI 12.1.*

*Plaintiffs object to VIP/Hall's Proposed Jury Instruction # 12 on the grounds that it substantially deviates from the Florida Standard Jury Instruction, MI 12.1.  Additionally, VIP/Hall has included within the instruction a defense of waiver of fraud.  Defendants' VIP/Hall did not plead the waiver of fraud as an affirmative defense in their Answer to the 2nd Amended Complaint, nor is such an affirmative defense enumerated in the Joint Pretrial Statement.  The Plaintiffs propose their own Jury Instruction which is modeled after the Florida Standard Jury Instruction, MI 12.1.*

GRANTED                        _____

GRANTED AS MODIFIED        _____

DENIED                         _____

## V.   *Breach of Implied Covenant of Good Faith and Fair Dealing (Special)*

Under the law every party to a contract is considered to have agreed to act in good faith and deal fairly; this is known as the "Implied Covenant of Good Faith and Fair Dealing."  The Warfields have asserted claims against the Defendants for breach of this covenant.  In order to prevail on this claim the Warfields must demonstrate both that a breach of contract occurred and that the breach of contract was not the result of an honest mistake, bad judgment, or negligence, but rather by a conscious and deliberate act.

To prevail on this claim, the Warfields must prove each of the following by a preponderance of the evidence:

*First*, that one or more of the Defendants committed a breach of contract by failing to fulfill one or more of their obligations under the agreements identified above, and

*Second,* that such breach was not the result of an honest mistake, bad judgment, or negligence, but rather was a conscious and deliberate act that unfairly frustrated the agreed purpose of the contract and disappointed the reasonable expectations of the Warfields.[10]

If you find for the Warfields on the claim of breach of the covenant of good faith and fair dealing, you will then consider the amount of money damages to be awarded to the Warfields. In that respect you should award the Warfields an amount of money shown by a preponderance of the evidence to be fair and adequate compensation for such loss or damage as resulted from the breach.

In considering the issue of the Warfields' damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Warfields' damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

The Warfields also claim that the acts of the Defendants were done with malice or reckless indifference to the Warfields' rights so as to entitle the Warfields to an award of punitive damages in addition to compensatory damages.

---

[10] Florida Jurisprudence (2d) § 272.

If you find for the Warfields, and if you further find that the Defendant did act with malice or reckless indifference to the rights of others, the law would allow you, in your discretion, to assess punitive damages against the Defendants as punishment and as a deterrent to others.  If you find that punitive damages should be assessed, a separate hearing will be held to determine the financial resources of the defendants and to fix the amount of punitive damages to be awarded.

If you find for the Warfields you must not take into account any consideration of attorneys' fees or court costs in deciding the amount of the Warfields' damages.  The matter of attorney's fees and court costs will be decided later by the Court.

**_Authority_**:  *Florida Jurisprudence (2d) § 272.  The instructions for damages track the Eleventh Circuit language.*

**_Objections to Defendants' Instructions:_**

*Plaintiffs object to the Stewarts' Proposed Jury Instruction # 13 & 14 on the grounds that it substantially deviates from the Florida Standard Jury Instruction, MI 12.1.  Additionally, the Stewarts have included within the instruction a defense of waiver of fraud.  Stewarts did not plead the waiver of fraud as an affirmative defense in their Answer to the 2nd Amended Complaint, nor is such an affirmative defense enumerated in the Joint Pretrial Statement. Furthermore, the Stewarts' Proposed Jury Instructions # 13 & 14 includes affirmative defenses not included in the Joint Pretrial Statement.  The Plaintiffs propose their own Jury Instruction which is modeled after the Florida Standard Jury Instruction, MI 12.1.*

*Plaintiffs object to VIP/Hall's Proposed Jury Instruction # 12 on the grounds that it substantially deviates from the Florida Standard Jury Instruction, MI 12.1.  Additionally, VIP/Hall has included within the instruction a defense of waiver of fraud.  Defendants' VIP/Hall*

*did not plead the waiver of fraud as an affirmative defense in their Answer to the 2nd Amended*

*Complaint, nor is such an affirmative defense enumerated in the Joint Pretrial Statement.  The*

*Plaintiffs propose their own Jury Instruction which is modeled after the Florida Standard Jury*

*Instruction, MI 12.1.*

GRANTED                                   _____

GRANTED AS MODIFIED        _____

DENIED                                      _____

**VI.**    ***Absence of Contract Formation (Special from Florida Jurisprudence (2d)))***

The Warfields have asserted that they and the Stewarts did not enter into a valid and

enforceable contract under Florida law.

In order to form a valid and enforceable contract, there must be, among other things, an

offer, acceptance of that offer, and consideration.  An offer is a definite proposal to enter into a

specific contract.  It is more than a mere inquiry about the possibility of entering into a contract.

An acceptance is a communication from one person to another that indicates that the person

accepting agrees to the terms of the other person's offer and makes a promise of performance in

exchange.  The acceptance must be absolute, unambiguous, unequivocal and without condition

or reservation.  In order to create a contract, it is essential that there is a reciprocal agreement to

certain and definite terms; in other words, the acceptance must be the "mirror image" of the

offer.  Consideration is something of value that is given or agreed to be given in exchange for a

promise.  For a valid and enforceable contract to be created, each party has to have provided

consideration to the other party in exchange for the other party's promise to do something.

In addition to the requirements of offer, acceptance and consideration, the parties can

agree to impose other prerequisites to the formation of binding and enforceable contracts

between themselves.  Thus, the parties can agree to a particular manner or method

of contract formation, or agree that their contracts must be in writing and signed by the parties in

order to be valid and enforceable.  A contract for the sale of real property must, by law, be in

writing and signed by the parties.   Section 725.01 Fla.Stat. (1993).   Any purported agreement

that does not meet these additional requirements is neither valid nor enforceable.

  In order to prevail on their claim of lack of contract formation, the Warfields must show

by a preponderance of the evidence that:

- The offer by the Warfields and any acceptance by the Stewarts are not mirror images of each other, but instead vary with respect to some material term.

- The agreement between the Stewarts and the Warfields was not in a writing signed by each of them.

It is not necessary that you find both of these facts in order for the Warfields to prevail on their

contract formation claim.

  In considering the issue of the Warfields' damages, you should assess the amount you

find to be justified by a preponderance of the evidence as full, just and reasonable compensation

for all of the Warfields' damages, no more and no less.  Compensatory damages are not allowed

as a punishment and must not be imposed or increased to penalize the Defendants.  Also,

compensatory damages must not be based on speculation or guesswork because it is only actual

damages that are recoverable.

***Authority:*** *Fla. Jur. Contracts § 35.  Under the "mirror-image rule," in order for a contract to*

*be formed, an acceptance of an offer must be absolute, unconditional, and identical with the*

*terms of the offer.  <u>In re Harrell</u>, 351 B.R. 221 (Bankr. M.D. Fla. 2006).  Statute of frauds.*

*F.S.A. § 725.01.*

**_Objections to Defendants' Instructions:_**

Plaintiffs object to the Stewarts' Proposed Jury Instruction # 16 on the grounds that included within the instruction are affirmative defenses not included in the Joint Pretrial Statement.  The Plaintiffs propose their own Jury Instruction which is modeled after Florida authority.

GRANTED            _____

GRANTED AS MODIFIED    _____

DENIED            _____

**VII.    _Agency (Florida Standard Civil with modifications)_**

An agent is a person who is employed to act for another, and whose actions are controlled by his or her employer or are subject to his or her employer's right of control.  An employer is responsible for the acts of its agent if such acts occurs while the agent is performing services which he or she was employed to perform or while the agent is acting at least in part because of a desire to serve his or her employer and is doing something that is reasonably incidental to his or her employment or something the doing of which was reasonably foreseeable and reasonably to be expected of persons similarly employed.  One who employs an agent is commonly referred to as the "principal."

Notice to, or knowledge of, an agent acquired within the scope of his employment is imputed to the agent's principal.

**_Authority:_** _As to the liability of principal for the acts of its agent, Florida Civil 3.3(b)(1).  As to the imputation of an agent's knowledge acquired within the scope of agency, Fla. Jur. Agency § 112.  Generally, under Florida law, whatever knowledge an agent acquires within the scope of_

*its authority is imputed to the principal.* <u>*Compania de Elaborados de Cafe v. Cardinal Capital*</u>

<u>*Management, Inc.*</u>, *401 F.Supp.2d 1270 (S.D. Fla. 2003).  Notice to principal is imputed, under*

*Florida law, when agent receives the notice in reference to matters over which agent's authority*

*extends.*  <u>*Id.*</u>

GRANTED                              _____

GRANTED AS MODIFIED       _____

DENIED                                  _____


**VIII.   *Legal Definition of Scienter (Special)***

        The knowledge, by the maker of the representation, of its falsity, or, in technical phase,

the scienter, can be established by any of the following: (1) that the representation was made

with actual knowledge of its falsity; (2) that the representation was made without knowledge

either of its truth or falsity; (3) that the representation was made under circumstances in which

the person making it ought to have known, if he did not know, of its falsity. Under the first

phase, the proof must show actual knowledge of the falsity of the representation. Under the

second phase, it should show that the representation was made in such absolute, unqualified, and

positive terms as to imply that the party making it had knowledge of its truth, and that he made

such absolute, unqualified, and positive assertion on a subject of which he was ignorant, and that

he had no knowledge whether his assertion in reference thereto was true or false. Under the third

phase, the proof should show that the party occupied such a special situation or possessed such

means of knowledge as made it his duty to know as to the truth or falsity of the representation

made. If the proof established either one of these three phases, the scienter is sufficiently made

out.

**Authority:**  *Parker v. State, 724 So. 2d 163 (Fla. 1st DCA 1998).*

GRANTED                              _____

GRANTED AS MODIFIED         _____

DENIED                                  _____

## IX.     *Duty of Realtors (Special)*

If an agent knows or should have known about a condition affecting real property and

makes representations regarding a condition, he is under a duty to disclose the complete truth to

a buyer.

**Authority:**  *Revitz v. Terrell, 572 So. 2d 996 (Fla. 3d DCA 1990).*

GRANTED                              _____

GRANTED AS MODIFIED         _____

DENIED                                  _____

## X.     *No Duty to Investigate Fraud (Special)*

A recipient of a fraudulent misrepresentation may rely on truth of representation even

though its falsity could have been ascertained had he made investigation unless he knows the

representation to be false or its falsity should be obvious to him.

**Authority:**  *Gold v. Perry, 456 So.2d 1197 (Fla. 4th DCA 1984).  Eleventh Circuit Pattern Jury*

*Instruction 3.1 at p.500.*

GRANTED                              _____

GRANTED AS MODIFIED         _____

DENIED                                  _____

## XI.     *Knowledge (Special)*

With respect to the Defendants' knowledge of the restrictions, if you find that a Defendant received or possessed a document, that Defendant is presumed to have knowledge of the document's contents.[11]  Notice may be of two kinds: (1) Express, which includes what might be called direct information; and (2) implied, which is said to include notice inferred from the fact that the person had means of knowledge, which it was his duty to use and which he did not use, or, as it is sometimes called, 'implied actual notice.'

**_Authority:_**  _Air Flow Heating and Air Conditioning, Inc., v. Baker, 326 So.2d 449, 451-52 (Fla. 4th DCA 1976).  Sapp v. Warner, 105 Fla. 245, 141 So. 124 (Fla. 1932)._

GRANTED                              _____

GRANTED AS MODIFIED        _____

DENIED                                 _____

### XII.    Duty To Mitigate - In General (11th Circuit)

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff [within the limitations of any disability sustained] failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the

---

[11] Air Flow Heating and Air Conditioning, Inc., v. Baker, 326 So.2d 449, 451-52 (Fla. 4th DCA 1976).

evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

GRANTED                               _____

GRANTED AS MODIFIED        _____

DENIED                                  _____


*Objection:*

*VIP/Hall's Proposed Jury Instruction # 14: This proposed jury instruction substantially deviates from the Eleventh Circuit Pattern Jury Instructions (Civil) 2005, §1.1 at p.558. The Plaintiffs propose their own Jury Instruction which more closely follows the Eleventh Circuit Pattern Jury Instruction for Duty to Mitigate than VIP/Hall's Proposed Jury Instruction # 14.*


**Additional Objections:**

*VIP/Hall's Proposed Jury Instruction # 13: The Eleventh Circuit Pattern Jury Instructions (Civil) 2005, does not contain a separate instruction for Compensatory Damages as VIP/Hall have proposed in their Proposed Jury Instruction # 13; rather the instruction on compensatory damages is merged in with the general instructions on Fraud,[12] and Negligent Misrepresentation.[13] An additional and redundant instruction on compensatory damages should be omitted. Accordingly, Plaintiffs request that VIP/Hall's Proposed Jury Instruction # 13 be rejected.*

GRANTED                               _____

_____

[12] See, Eleventh Circuit Pattern Jury Instructions (Civil) 2005, §3.1 at pp.502 – 503.
[13] See, Eleventh Circuit Pattern Jury Instructions (Civil) 2005, §1.1 at pp.454 – 455.

GRANTED AS MODIFIED        _____

DENIED                                _____


        *VIP/Hall's Proposed Jury Instruction # 15*: *This proposed jury instruction substantially deviates from the Eleventh Circuit Pattern Jury Instructions (Civil) 2005, §2.1 at p.561 – 562. The Plaintiffs propose their own Jury Instruction which is more closely follows the Eleventh Circuit Pattern Jury Instruction for Punitive Damages.  Plaintiffs punitive damages instructions are contained in the counts to which they apply.  Further, Plaintiffs object to a separate and redundant instruction on punitive damages when they are already self-contained within the respective counts. Accordingly, Plaintiffs request that VIP/Hall's Proposed Jury Instruction # 15 be rejected.*

GRANTED                              _____

GRANTED AS MODIFIED        _____

DENIED                                _____


Respectfully submitted,

_____/s/_____          _____/s/_____
Steven Oster                                        Andrew MacKenzie
DC Bar 376030                                     Trial Counsel, Florida Bar 11294
(Pro Hac Vice Admission)                     772 Winyah Drive
1050 17th Street, NW, Suite 700            North Augusta, SC  29841
Washington, DC 20036-5535                 (Voice) 706-442-3556
(Voice) 703-577-8785                          (Fax) 815-301-9734
soster13@gmail.com                            agmacken@msn.com

### *Certificate of Service*

I certify that on July 27, 2009, a true and correct copy of the foregoing will be electronically furnished via ECF to:  Robert Shearman, PO Box 280, Ft. Myers, FL 33902; and Brian Cheffer, 2320 First Street, Ft Myers, FL 33901.

_____/s/_____
Andrew MacKenzie