UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNARD WARFIELD, *et al.*,

    Plaintiffs,

v.
                      Case No. 2:07-cv-332-FtM-33SPC

JAMES A. STEWART, *et al.*,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants Hall and VIP Realty's Motion in Limine (Doc. # 269), filed on July 6, 2009. Plaintiffs filed a Response in Opposition to the Motion in Limine on July 23, 2009. (Doc. # 283).

**Introduction**

Hall and VIP Realty request an order barring Plaintiffs, their attorneys, or any witnesses from remarking on, testifying about or introducing evidence regarding: (1) "any and all testimony, evidence, or mention of any 'forgery,' or similar statements, of any documents related to the purchase/sale of 1558 San Carlos Bay Drive, Sanibel Island, Florida, by Hall, VIP Realty, or any independent contractor sales agents of VIP Realty;" (2) "any and all testimony, evidence, or mention of the timing of the production of any discovery in this case by Hall, VIP Realty, or any independent

contractor sales agents of VIP Realty;" and (3) "any and all testimony, evidence, or mention of an Affidavit completed by Pamela J. Whitney." (Doc. # 269 at 1-2).[1]

**A.     Forgery**

Hall and VIP Realty move for an order barring Plaintiffs and others from mentioning "forgery" during the trial under Rule 403 of the Federal Rules of Evidence.  Hall and VIP Realty submit, "The use of such statements is highly inflammatory and is being used by the Plaintiffs to simply place Hall, VIP Realty, and the independent contractor sales associate of VIP Realty in a negative light." (Doc. # 269 at 3).

Rule 403 of the Federal Rules of Evidence states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

---

[1] The Court will issue a separate order addressing Hall and VIP Realty's request that Ms. Whitney's affidavit be excluded.  In some from or another, Plaintiffs as well as Hall and VIP Realty seek exclusion of parol evidence surrounding the Whitney Disclosure.  A separate order is required because the record is replete with such evidence.

The Eleventh Circuit has instructed that Federal Rule of Evidence 403 should be applied to exclude relevant evidence in very limited circumstances:

> Relevant evidence is inherently prejudicial; but it is only *unfair* prejudice *substantially* outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its probative force.

United States v. Sawyer, 799 F.2d 1494, 1506 (11th Cir. 1986)(emphasis in original).

Although Plaintiffs have not brought a forgery claim against Hall and VIP Realty, Plaintiffs assert that they are entitled to present evidence establishing the elements of forgery because such evidence is relevant to other claims (namely, fraud) and for impeachment purposes. (Doc. # 283).[2] Plaintiffs remark that "the many unexplained discrepancies in the contract documents, which could only have occurred while they were under the exclusive control of the Defendants, are

---

[2] Under Florida law, forgery exists "where the defendant makes a writing which falsely purports to be the writing of another, made with the intent to injure or defraud any person." Schauer v. Gen. Motors Acceptance Corp., 819 So. 2d 809, 814 (Fla. 4th DCA 2002).

-3-

relevant to the issues of fraud and the Relator Defendants' credibility." (Id.)

This is a fraud case. The fact that Plaintiffs' lengthy complaint does not contain a separate "forgery" count does not preclude Plaintiffs from mentioning forgery at the trial. Plaintiffs allege that Hall and VIP committed fraud in several different actions: in failing to disclose important information about the property and in fraudulently altering the contract for the sale of the Property to Plaintiffs.[3] Plaintiffs may mention "forgery" because "forgery" is a component of their fraud case against Hall and VIP Realty.

### 2. **Timing of the Whitney Disclosure**

Hall and VIP Realty seek exclusion of evidence touching upon the timing of Hall and VIP Realty's tendering of the Whitney Disclosure to Plaintiffs.[4] Hall and VIP Realty argue that their belated tender of the Whitney Disclosure to Plaintiffs is irrelevant as defined by Rule 401 of the Federal

---

[3] Plaintiffs' complaint alleges among other things, "Defendant Hall, an agent of VIP and its managing partner, falsely represented that the Warfields' offer of $1.3 million had been rejected." (Doc. # 199 at ¶ 209). Robin Humphrey, associated with VIP Realty, admitted to changing the $1.3 million price to $1.4 million. (Humphrey Dep. Doc. # 156-7 at 79:8-18).

[4] On June 24, 2008, VIP Realty furnished to Plaintiffs a copy of Whitney's disclosure statement, a document, signed by the Stewarts, in which Ms. Whitney disclosed material facts about the property to the Stewarts.

Rules of Evidence.  Hall and VIP Realty also assert that, even if such evidence is relevant, it should be excluded under Rule 403 of the Federal Rules of Evidence because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Hall and VIP Realty.  Hall and VIP Realty conclude that "Plaintiffs are simply attempting to illustrate some sort of wrong-doing in the discovery process on the part of [Hall and VIP Realty] that [Hall and VIP Realty] deny." (Doc. # 269 at 5).

Plaintiffs, on the other hand, describe the various positions Hall and VIP Realty have taken with respect to the Whitney Disclosure, and posit that such varying positions impact Hall and VIP Realty's credibility.[5]

Upon due consideration, the Court determines that the timing of the Whitney Disclosure, and the various and inconsistent positions taken about such disclosure prior to the discovery of the Whitney Disclosure may be presented at trial.  This evidence is relevant because it tends to show

---

[5] Plaintiffs underscore that, before the discovery of the Whitney Disclosure, "Defendants testified that Ms. Whitney never made any written disclosures." (Doc. # 283 at 5). Plaintiffs also point out that Robin Humphrey testified that he first discovered the Whitney Disclosure, underneath his home in a hurricane ravaged storage area, after he received notice of his March 27, 2009, deposition.  However, the Whitney Disclosure was first produced by VIP Realty in June 2008.  The Court agrees that this is proper impeachment material.

that Hall and VIP Realty have taken inconsistent positions regarding the Whitney Disclosure, which is a critical piece of evidence. Further, the probative value of this evidence is not outweighed by the danger of unfair prejudice to Hall and VIP Realty or any other Rule 403 consideration.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED** that:

Defendants Hall and VIP Realty's Motion in Limine (Doc. # 269) is **DENIED** as specified above.

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>29th</u> day of July, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record