UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNARD WARFIELD, JR., *et al.*,

   Plaintiffs,
v.         Case No. 2:07-cv-332-FtM-33SPC

JAMES A. STEWART, *et al.*,

   Defendants.
_____/

**ORDER**

  This cause is before the Court pursuant to Plaintiffs' Motion in Limine (Doc. # 268), which was filed on July 6, 2009. James Dudley Hall and VIP Realty Group, Inc. (hereafter the "Realtor Defendants") filed their Response in Opposition to the Motion in Limine (Doc. # 279) on July 20, 2009. Defendants, Terrill L. Stewart, Individually, and as Executrix of the Estate of James A. Stewart (hereafter "Stewart") also filed her Response in Opposition to the Motion in Limine (Doc. # 277) on July 20, 2009.

  In the Motion in Limine, Plaintiffs seek to exclude ten categories of evidence. This Court will address Plaintiffs' requests in a sequence of several orders so as to avoid handing down a monolithic order on the eve of trial. In this order, the Court will address the issue of whether parol evidence, including but not limited to Ms. Whitney's deposition testimony and affidavit, is admissible to interpret

the Whitney Disclosure.  Plaintiffs claim that all parol evidence concerning the Whitney Disclosure is inadmissible. In the alternative, Plaintiffs claim that, if Ms. Whitney's deposition testimony is admitted into evidence, the Court should also admit Ms. Whitney's affidavit.

The Realtor Defendants claim that Ms. Whitney's deposition testimony is admissible, but that her affidavit is inadmissible hearsay.  Stewart appears to take the position that Ms. Whitney's deposition and affidavit are both admissible.

**Parol Evidence**

The parol evidence rule requires the court first to review the plain language of the document and permits consideration of parol or extrinsic evidence to interpret the document only when such document, or a term therein, is "ambiguous." Everglade Lumber Co. v. Nettleton Lumber Co., 149 So. 736, 739 (Fla. 1933).  The document must be ambiguous on its face before a court can resort to parol evidence to interpret it. See J.M. Montgomery Roofing Co. v. Fred Howland, Inc., 98 So.2d 484, 485-86 (Fla. 1957) ("The rule inhibits the use of parol evidence to contradict, vary, defeat, or modify a complete and unambiguous written instrument, or to change, add to, or subtract from it, or affect its construction.").

Accord BMW of N. Am., Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985) (When a document's language is clear, a court cannot indulge in construction or interpretation of its plain meaning.).

Whether a document is ambiguous depends on whether it is reasonably susceptible to more than one interpretation. State Farm & Cas. Co. v. De Londono, 511 So.2d 604, 605 (Fla. 3rd DCA 1989). See also Friedman v. Va. Metal Prods. Corp., 56 So.2d 515, 517 (Fla. 1952) ("The term 'ambiguous' means susceptible of more than one meaning.").

However, a true ambiguity does not exist merely because a document can possibly be interpreted in more than one manner. Am. Med. Int'l v. Scheller, 462 So.2d 1, 7 (Fla. 4th DCA 1984). A document can be latently or patently ambiguous. "A latent ambiguity . . . as distinct from a patent ambiguity . . . arises where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings." Metro Development Group, LLC v. 3-D-C&C, 941 So.2d 11, 13 (Fla. 2nd DCA 2006).

Upon review of the Whitney Disclosure, the Court finds that it is latently ambiguous. In the Whitney Disclosure,

Whitney addressed the following questions (and others) concerning the property:

> (F.) Are there any restrictions affecting additions, improvements or replacement of the property?
> (G.) Are there any zoning, land use or administrative regulations which are in conflict with existing or intended use of the property? If so, please explain:

(Doc. # 279 at 4).

Ms. Whitney responded "yes" to both inquires, and added a handwritten note after subparagraph (G.). Specifically, Ms. Whitney added "(1) Lower level was constructed w/o permits or CO/ (2) upper deck repairs." (Id.)

On its face, the Whitney Disclosure is not ambiguous: it shows that Ms. Whitney was aware of (1) restrictions affecting additions, improvements, or replacement of the property and (2) that she was aware of zoning, land use, or administrative regulations in conflict with the existing or intended use of the property. Also, Ms. Whitney's hand-written note offers an explanation as to "zoning, land use, or administrative regulations in conflict with existing or intended use of the property."

However, the existence of the restriction on the size of the home renders the Whitney Disclosure latently ambiguous.[1]

There is an issue of fact as to whether Ms. Whitney was aware of the restriction at the time she tendered the Whitney Disclosure to the Stewarts. This issue of fact is significant, and the jury should be permitted to examine parol evidence to aid in their determination of what Ms. Whitney knew and when she knew it. Ms. Whitney could not have disclosed the restriction to the Stewarts if she was unaware of it at the time of the Whitney Disclosure. Similarly, if the Stewarts never learned of the restriction, they could not have disclosed it to Plaintiffs. As such, Ms. Whitney's knowledge concerning the restriction is highly relevant and cannot be determined solely from reading the Whitney Disclosure.

---

[1] In October of 1987, David Felger purchased a vacant lot in Lee County, Florida. (Felger Dep. Doc. # 165 at 24:18-19). Mr. Felger petitioned the City of Sanibel Planning Commission for an exception from the zoning laws to allow the lot to be used in a manner not in accord with the existing zoning laws. (Id. at 48:4-23). Specifically, he requested and was granted a variance that allowed him to build a single family home on the lot. While the variance allowed the home to be constructed, it limited its enclosed living area to 2,000 square feet. (Id. at 48:13-14). This restriction on the size of the home and the parties' respective obligations to disclose said restriction form the basis of this lawsuit.

Ms. Whitney is not available to testify at the trial. Therefore, introduction of her deposition testimony is proper. See Fed.R.Evid. 804(b)(1).

However, the Court requests further briefing concerning the admissibility of Ms. Whitney's affidavit, in which she indicated:

> Prior to the initiation of the present lawsuit, I was not specifically aware that the house was constructed with a variance which limited the House to a maximum enclosed living area of 2,000 square feet. However, I was aware that the lot in question had particular limitations although I did not understand them to be in the form of a variance. I did indicate in box 2F of my disclosure statement that I believed the property was subject to "restrictions affecting additions, improvements, or replacement of the property." I was specifically referring to my belief that any expansion of the house would be limited by permeable coverage limitations as well as its distance from the water.

(Whitney Aff. Doc. # 167 at ¶ 8).

The Realtor Defendants seek exclusion of Ms. Whitney's affidavit, asserting that the affidavit is hearsay. The party seeking to introduce the affidavit of an unavailable witness has the burden to "clearly demonstrate the existence of the requisite guarantees of trustworthiness." NLRB v. United Sanitation Serv., 737 F.2d 936, 941 (11th Cir. 1984). Here,

Plaintiffs are the proponents of the affidavit, yet Plaintiffs have not provided the Court with any basis for admitting such affidavit into evidence. Plaintiffs are directed to file a brief supplemental memorandum addressing Ms. Whitney's affidavit on or before Monday, August 3, 2009, at 10:00 a.m.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Plaintiffs' Motion in Limine (Doc. # 268) is **DENIED IN PART**. Specifically, the Court will permit the introduction of parol evidence concerning the Whitney Disclosure.

(2) Plaintiffs are directed to file a brief supplemental memorandum addressing Ms. Whitney's affidavit on or before Monday, August 3, 2009, at 10:00 a.m.

**DONE** and **ORDERED** in Ft. Myers, Florida, this <u>31st</u> day of July 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record