UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNARD WARFIELD, JR., *et al.*,

        Plaintiffs,

v.                      Case No. 2:07-cv-332-FtM-33SPC

JAMES A. STEWART, *et al.*,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiffs' Motion in Limine (Doc. # 268), which was filed on July 6, 2009. James Dudley Hall and VIP Realty Group, Inc. (hereafter the "Realtor Defendants") filed their Response in Opposition to the Motion in Limine (Doc. # 279) on July 20, 2009. Defendants, Terrill L. Stewart, Individually, and as Executrix of the Estate of James A. Stewart (hereafter "Stewart") also filed her Response in Opposition to the Motion in Limine (Doc. # 277) on July 20, 2009.

In this order, the Court will address the issue of whether the testimony of Realtor Defendants' expert, Andy Gray, should be excluded as requested by Plaintiffs.

**I.   Legal Standard**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which states that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

Rule 702 is a codification of the Court's landmark case of Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). In Daubert, the Court described the gatekeeping function of the district court to "ensure that any and all scientific testimony or evidence is not only relevant, but reliable." Id. at 589; see also United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)("The district court's role is especially significant since the expert's opinion can be both powerful and quite misleading because of the difficulty in evaluating it. Indeed, no other kind of witness is free to opine about a complicated matter without any firsthand knowledge of the facts in the case"). In Kuhmo Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999), the Court extended its reasoning in Daubert to non-scientist experts, such as the expert in this case.

As stated in the Advisory Committee Notes accompanying Rule 702 of the Federal Rules of Evidence, "A review of the case law after <u>Daubert</u> shows that the rejection of expert testimony is the exception rather than the rule." See Advisory Committee Notes to the 2000 Amendment to Rule 702. Further, "<u>Daubert</u> did not work a 'seachange over federal evidence law,' and 'the trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system." <u>Id.</u> (quoting <u>United States v. 14.38 Acres of Land</u>, 80 F.3d 1074, 1078 (5th Cir. 1996)).

In addition, the trial judge is afforded broad discretion in deciding <u>Daubert</u> issues. As stated in <u>Kumho Tire Co.</u>, the trial judge has the discretion "both to avoid unnecessary reliability proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises." 526 U.S. at 152. Further, the <u>Kuhmo Tire Co.</u> Court admonished that "the Rules seek to avoid 'unjustifiable expense and delay' as part of their search for 'truth' and the 'just determination' of proceedings." <u>Id.</u> at 152-153 (quoting Fed. R. Evid. 102).

In Rink v. Cheminova, Inc., 400 F.3d 1286 (11th Cir. 2005), the Eleventh Circuit set forth a three-pronged approach to qualifying expert witnesses:

> To fulfill their obligation under Daubert, district courts must engage in a rigorous inquiry to determine whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

Rink, 400 F.3d at 1291-1292 (internal citations omitted). The party offering an expert has the burden of satisfying each of these elements by a preponderance of the evidence. Rink, 400 F.3d at 1292; see also Allison v. McGhan Med. Corp., 184 F.3d 1300, 1306 (11th Cir. 1999)("The burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence").

II. **Analysis**

Plaintiffs challenge Gray's proffered testimony and expert report, arguing that his testimony and report will not assist the trier of fact and that his testimony is offered for impermissible purposes. Plaintiffs specifically contend that

Gray assumes facts not in evidence, offers opinions on matters beyond the scope of his expertise, attempts to corroborate Hall's testimony, opines on ultimate issues, and offers legal conclusions.

The Realtor Defendants, as proponents of Gray's testimony, focus on the Eleventh Circuit's <u>Rink</u> test. First, the Realtor Defendants contend that Gray is a qualified expert in the real estate industry with thirty-eight years of experience "as an agent, manager, broker, developer, instructor, and author." (Doc. # 279 at 6). Plaintiffs do not appear to question that Gray is a real estate expert, and the Court determines that Gray is qualified to testify competently regarding the matters he intends to address.

Moving on to the next <u>Rink</u> determination, the reliability of the expert's methodology, the Realtor Defendants correctly remarks that "Plaintiffs' Motion . . . fails to effectively challenge . . . the methodology that Gray used to reach his expert opinion." (Doc. # 279 at 6). The Realtor Defendants posit that Gray "applied his education and thirty-eight years [of] experience in the real estate field to the specific facts of this case to reach his opinions on the agency relationship and the standard of care expected of a transactional broker under the circumstances." (Doc. # 279 at 6). Upon review of

Gray's proffered testimony and expert report, the Court determines that Gray satisfies the second <u>Rink</u> factor concerning the reliability of his methodology.

Last, the Court must determine whether the testimony assists the trier of fact, through the application of technical or specialized expertise, to understand the evidence or to determine a fact in issue. Plaintiffs contend that Gray will not assist the trier of fact because he (1) opines on ultimate issues of fact; (2) assumes facts not in evidence; (3) offers opinions on matters beyond the scope of his expertise; (4) attempts to improperly corroborate Hall's testimony; and (5) offers legal conclusions.

The majority of Plaintiffs' objections to Gray's testimony are best resolved by the Court during trial. For instance, the Court will determine whether Gray "assumes facts not in evidence" at the time he offers his testimony and in light of the evidence that has been tendered by the parties and admitted by the Court. Further, the Court will decide during trial the issues of whether Gray offers opinions beyond the scope of his expertise and whether Gray's testimony improperly bolsters Hall's testimony or, rather, is simply consistent with Hall's testimony.

As to Plaintiffs' contention that Gray opines on ultimate issues of fact, the Court determines that such testimony is permitted by the Federal Rules of Evidence. See <u>Hanson v. Walker</u>, 888 F.2d 806, 811 (11th Cir. 1989)("The adoption of Rule 704 abolished the so-called 'ultimate issue rule' which proscribed opinion testimony that ostensibly invaded the province of the jury."); <u>Portis v. Wal-Mart Stores, E. L.P.</u>, Civil Action 07-557, 2008 U.S. Dist. LEXIS 57717, at *8 (S.D. Ala. July 30, 2008)("This Court will not exclude [expert] testimony because it may concern ultimate issues of fact.").

Last, the Court considers Plaintiffs' contention that Gray will offer legal conclusions. The Eleventh Circuit ruled in <u>United States v. Johnston</u>, No. 08-14594, 2009 U.S. App. LEXIS 6981 (11th Cir. Mar. 30, 2009), "Although experts may not testify to legal conclusions, testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." <u>Id.</u> at *18 (citations omitted).

Although <u>Johnston</u> was a criminal case, the facts parallel this case in as much as it dealt with allegations of deviation from a standard of care. Johnston, a physician, was accused of dispensing narcotic pain killers in violation of the Controlled Substances Act. <u>Id.</u> at *1. Johnston asserted that

she acted in good faith and for a legitimate medical purpose. Id. at *19.  The Eleventh Circuit affirmed the trial court's decision to allow expert testimony regarding the standard of care for physicians when dispensing medication, among other expert testimony.

In the present case, Plaintiffs allege that the Realtor Defendants departed from the standard of care for transactional brokers.  As asserted by the Realtor Defendants, "Not only will expert testimony assist the jury in determining what a reasonably careful real estate broker would do under like circumstances, expert testimony is essential for the jury to understand real estate agency relationships and the duties owed by VIP and Hall to the Plaintiffs." (Doc. # 279 at 7).

It is appropriate for Gray to testify concerning the standard of care for the Realtor Defendants.  Should Gray's testimony begin to invade the Court's exclusive province of instructing the jury on the law, Plaintiffs are free to lodge appropriate objections.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiffs' Motion in Limine (Doc. # 268) is **DENIED IN PART**. Specifically, the Court declines to exclude the expert

testimony of Andy Gray.

**DONE** and **ORDERED** in Ft. Myers, Florida, this 31st day of July 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record