UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNARD WARFIELD, JR., *et al.*,

        Plaintiffs,

v.                       Case No. 2:07-cv-332-FtM-33SPC

JAMES A. STEWART, *et al.*,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiffs' Motion in Limine (Doc. # 268), which was filed on July 6, 2009. James D. Hall and VIP Realty Group, Inc. filed their Response in Opposition to the Motion in Limine (Doc. # 279) on July 20, 2009.

In this order, the Court will address the remaining issues of (1) use of Dr. Stewart's deposition during trial; (2) Defendants' Answer to the Second Amended Complaint; (3) status of Robin Humphrey; (4) Defendants' Rule 30(b)(6), Fed.R.Civ.P., deposition; and (5) the Henshaw Matter.

**Analysis**

    **(1) Dr. Stewart's Deposition**

Plaintiffs seek an order barring Defendants from "offering Dr. Stewart's deposition testimony for the proposition that he did not receive notice of the restrictions on the property." (Doc. # 268 at 11). Plaintiffs assert that

such a limitation is warranted because the Whitney Disclosure was untimely disclosed, and Plaintiffs were deprived of the opportunity to cross examine Dr. Stewart after discovery of the Whitney Disclosure.

Defendants contend that "Plaintiffs are simply attempting to use this motion in limine to punish or sanction the Defendants for an alleged discovery violation that simply did not occur." (Doc. # 279 at 9). Defendants further assert that "there is no evidence that any of the Defendants delayed Plaintiffs' discovery of the Whitney Disclosure." (Id.).

This Court will not limit Defendants' use of Dr. Stewart's deposition testimony during trial as requested by Plaintiffs. As noted in its order denying Defendants' motion in limine (Doc. ## 269, 309), the Court will allow Plaintiffs to discuss the timing of the Whitney Disclosure as well as the various inconsistent positions taken by Defendants with respect to the Whitney Disclosure. Because the Court will allow Plaintiffs to bring these facts to light, it would be unfair to bar Defendants from utilizing Dr. Stewart's testimony regarding the Whitney Disclosure.

Thus, the Court denies Plaintiffs' request to limit Defendants' use of Dr. Stewart's deposition.

**(2) <u>Defendants' Answer to the Second Amended Complaint</u>**

Plaintiffs request an order barring Defendants from presenting "any evidence introduced for the purpose of contradicting" Defendants' Answer to certain allegations lodged in Plaintiffs' Second Amended Complaint.

Defendants assert that Plaintiffs mischaracterize Defendants' Answer to the Second Amended Complaint. The Court does not credit this argument because it appears that Plaintiffs directly quote Defendants' Answer to the Complaint allegations at issue.

The Court will allow Plaintiffs to present Defendants' Answer to the jury. However, the Court will not bar Defendants from presenting evidence "for the purpose of contradicting VIP/Hall's admissions." (Doc. # 268 at 14). The Complaint allegations discussed in Plaintiffs' Motion in Limine concern core issues for trial. It would be inappropriate to limit Defendants' presentation of evidence on these issues, especially using the subjective and amorphous standard requested by Plaintiffs. The jury is entitled to hear from both sides on the issues outlined in the Second Amended Complaint.

The Court, therefore, denies Plaintiffs' request to limit Defendants' presentation of evidence which may tend to

contradict Defendants' Answer to the Second Amended Complaint. Plaintiffs may utilize cross examination to bring inconsistencies, such as a departure from Defendants' Answer, to light.

**(3) Robin Humphrey**

Plaintiffs request an order barring Defendants from introducing evidence that Humphrey was an independent contractor, rather than an employee of VIP Realty Group, Inc. Among other arguments, Plaintiffs seek to characterize Humphrey as an employee of VIP Realty Group, Inc. to avoid confusing the jury.

Acknowledging that Plaintiffs seek to impute knowledge from Humphrey to VIP Realty, Inc., Defendants argue:

> The undisputed testimony in this case reveals that Robin Humphrey was an independent contractor with VIP. . . . Florida Statute Section 475.01(2) provides that the existence of an independent contractor relationship does not relieve either the broker or the sales associate of his or her duties, obligations, or responsibilities under Chapter 475. Because VIP and Hall are not attempting to deny any of these duties, obligations, or responsibilities that this relationship creates, there is no 'confusion' and no need to mischaracterize the relationship. To require the Defendants to refer to Humphrey as an 'employee' in order to further Plaintiffs' unsupported theory of imputation of knowledge is contrary to the undisputed evidence in the case, highly prejudicial and should not be allowed.

(Doc. # 279 at 13).

The Court finds Defendants' arguments on this issue most persuasive and denies Plaintiffs' request to bar evidence regarding Humphrey's status as an independent contractor.

### (4) VIP's Rule 30(b)(6), Fed.R.Civ.P., Deposition

Plaintiffs deposed VIP Realty Group, Inc. on March 20, 2009, through its corporate representative, Mr. Hall. Plaintiffs seek an order barring Defendants from "us[ing] theories or information not disclosed during the Fed.R.Civ.P. 30(b)(6) deposition." (Doc. # 268 at 16-17). Plaintiffs assert that "a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition." (Doc. # 268 at 17)(citations omitted). However, Plaintiffs have not cited binding case law in support of this proposition, nor have Plaintiffs identified theories or information that Plaintiffs anticipate Defendants will utilize at trial.

The Court determines that this issue is not ripe. Should Plaintiffs identify a specific fact or theory that takes Plaintiffs by surprise due to VIP Realty Group, Inc.'s alleged failure to disclose the same at the Rule 30(b)(6), Fed.R.Civ.P., deposition, the Court will resume its analysis, if appropriate.

### (5) The Henshaw Executory Contract

Finally, Plaintiffs seek an order excluding "all evidence regarding the Henshaw Matter." (Doc. # 268 at 19).[1] Plaintiffs contend that evidence of the Henshaw Matter is irrelevant and, in the alternative, if it is relevant, should be excluded pursuant to Rule 403 of the Federal Rules of Evidence. Plaintiffs argue that evidence of the Henshaw Matter "is a blatant attempt by the Defendants to put the Warfields on trial, even though no basis exists to suggest that they did anything wrong." (Doc. # 268 at 17).

Defendants counter that "[t]he relevance of the Henshaw [Matter] is obvious" because the "materiality" of the non-disclosure of the variance and restriction is a central issue in this case. (Doc. # 279 at 17). Defendants contend that Plaintiffs are attempting to "exclude highly relevant evidence that Plaintiffs never attempted to expand the Home before they placed it for sale at a significantly higher price" and "signed the Henshaw contract without ever disclosing the variance which they knew or should have known" existed. (Doc. # 279 at 17).

---

[1] The record reflects that Plaintiffs sought to sell the Home to the Henshaw family but that the sale was never consummated. The Court will refer to the unconsummated, executory contract as the "Henshaw Matter."

The Court denies Plaintiffs' request to bar evidence of the Henshaw Matter.  The Court determines that such evidence is relevant and that its probative value is not significantly outweighed by any of the dangers discussed in Rule 403 of the Federal Rules of Evidence.

Rather than keeping the Henshaw Matter from the jury, as requested by Plaintiffs, the Court will allow both sides to present evidence on the Henshaw Matter.  Plaintiffs' assertions--that Mr. Warfield did not know about the restriction when he completed the property disclosure statement and that Mr. Warfield never executed the disclosure statement--may be presented to the jury.  The jury can make appropriate credibility determinations on this issue.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

Plaintiffs' Motion in Limine (Doc. # 268) is **DENIED** as set forth in this order.

**DONE** and **ORDERED** in Ft. Myers, Florida, this 2nd day of August 2009.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record