UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNARD WARFIELD, JR., *et al.*,

    Plaintiffs,

v.                     Case No. 2:07-cv-332-FtM-33SPC

JAMES A. STEWART, *et al.*,

    Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to the Whitney Affidavit (Doc. # 167). Defendants filed a motion in limine on July 6, 2009 (Doc. # 269) seeking exclusion of the Whitney Affidavit. On July 31, 2009, the Court directed Plaintiffs to respond to Defendants' request to exclude the Whitney Affidavit. Plaintiffs filed their supplemental memorandum in opposition to Defendants' motion in limine (Doc. # 320) on August 3, 2009. For the reasons that follow, the Court declines to exclude the Whitney Affidavit.

**Analysis**

Defendants assert that the Whitney Affidavit is pure hearsay and should be excluded pursuant to Rule 801 of the Federal Rules of Evidence.

Plaintiffs offer two separate grounds for admitting the Whitney Affidavit into evidence. First, Plaintiffs correctly argue that the Whitney Affidavit is proper impeachment

material because Defendants plan to utilize Ms. Whitney's deposition testimony at trial. Plaintiffs may impeach the deposition testimony with inconsistent portions of the Whitney Affidavit.

Second, the Whitney Affidavit may be admitted under the residual exception to the hearsay rule, Rule 807 of the Federal Rules of Evidence. Plaintiffs, as proponents of the Whitney Affidavit, have satisfied the five requirements of Rule 807: (1) circumstantial guarantees of trustworthiness; (2) materiality; (3) probative value; (4) interest of justice; and (5) notice.

Accordingly, the Court will deny Defendants' request to exclude the Whitney Affidavit.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

The Court declines to exclude the Whitney Affidavit.

**DONE** and **ORDERED** in Ft. Myers, Florida, this <u>5th</u> day of August 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record