**FILED IN OPEN COURT**

08/12/09

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNARD WARFIELD, JR. and
MARY ELLEN WARFIELD,

              Plaintiffs,

                                 Case No.: 2:07-cv-332-FtM-33SPC

vs.

JAMES DUDLEY HALL and VIP REALTY
GROUP, INC.,

              Defendants.

_____/

### COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

    I will now explain to you the rules of law that you must follow and apply in deciding this case.

    When I have finished you will go to the jury room and begin your discussions - what we call your deliberations.

1

## Jury Instruction No. 1

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions that reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

2

## Jury Instruction No. 2

The fact that a corporation is involved as a party must not affect your decision in any way.  A Corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

3

### Jury Instruction No. 3

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

## Jury Instruction No. 4

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

5

**Jury Instruction No. 5**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## Jury Instruction No. 6

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

## Jury Instruction No. 7

The Plaintiffs claim that the Defendants committed fraud – that the Defendants made certain allegedly false statements and omissions to the Plaintiffs.

The term "fraud" is generally defined in the law as an intentional misrepresentation of material existing fact made by one person to another with knowledge of its falsity; made for the purpose of inducing the other person to act; and upon which the other person does in fact rely with resulting loss or damage. Fraud may also include an omission or intentional failure to state material facts, knowledge of which would be necessary to make other statements by a defendant not misleading to the plaintiff.

In this instance, the alleged statements and omissions that the Plaintiffs claim were fraudulently made by the Defendants follow:

(1)   That the Defendants failed to disclose to the Plaintiffs that the Property was subject to restrictions affecting additions, improvements, or replacement.[1]

(2)   In the Transaction Broker Agreement, the Defendants made the following representation to the Plaintiffs: To disclose all

---

[1] The "Property" is located at 1558 San Carlos Bay Drive, Sanibel, Florida 33957.

known facts that materially affect the value of the Property
that are not readily observable.

(3)  That the Defendants stated to the Plaintiffs that the asking
     price for the Property was $1,700,000.

(4)  That the Defendants stated to the Plaintiffs that the
     Stewarts did not accept the Plaintiffs' $1,300,000 offer for
     the Property.

     Each of these alleged misrepresentations and omissions
should be considered and judged separately in accordance with the
instructions that follow.  It is not necessary that the
Plaintiffs prove all of them to recover.

     To prevail on their claim of fraud, the Plaintiffs must
prove each of the following facts by a preponderance of the
evidence:

First:   That one or more of the Defendants intentionally made
         one or more of those alleged misrepresentations or
         omissions;

Second:  That the misrepresentation or omission related to a
         material existing fact;

Third:   That the Defendants knew at the time they made the
         misrepresentation that it was false or acted with
         reckless disregard for its truth or falsity or that the
         omission made other statements materially misleading;

9

Fourth:    That the Defendants intended to induce the Plaintiffs
           to rely and act upon the misrepresentation or omission;
           and

Fifth:     That the Plaintiffs reasonably relied upon the
           misrepresentation or omission;

Sixth:     That the Defendants' misrepresentation or omission was
           a legal cause of the loss or damage sustained by the
           Plaintiffs.

     To make a "misrepresentation" simply means to state as a
fact something that is false or untrue.  To make an "omission" is
to omit or withhold the statement of a fact, knowledge of which
is necessary to make other statements not misleading.

     To constitute fraud, a misrepresentation must not only be
false or an omission must make other statements misleading, it
must also be "material" in the sense that it relates to a matter
of some importance or significance rather than a minor or trivial
detail.

     To constitute fraud, a misrepresentation or omission must
also relate to an "existing fact."  Ordinarily, a promise to do
something in the future does not relate to an existing fact and
cannot be the basis of a claim for fraud unless the person who
made the promise did so without any present intent to perform it
or with a positive intent not to perform it.  Similarly, a mere
expression of opinion does not relate to an existing fact and

10

cannot be the basis of a claim of fraud unless the person stating
the opinion has exclusive or superior knowledge of existing facts
that are inconsistent with such opinion.

To constitute fraud, the Plaintiffs must also prove that the
Defendants made the misrepresentation or omission knowingly and
intentionally, not as a result of mistake or accident.  It must
be proved that the Defendants either knew or should have known of
the falsity of the misrepresentation or the false effect of the
omission, or that the Defendants made the misrepresentation or
omission in reckless disregard of its truth or falsity.

Finally, to constitute fraud the Plaintiffs must prove that
the Defendants intended for the Plaintiffs to rely upon the
misrepresentation and/or omission; that the Plaintiffs did in
fact rely upon the misrepresentation and/or omission; and that
the Plaintiffs suffered loss or damage as a result of the fraud.

When it is shown that the Defendants made a material
misrepresentation and/or omission with the intention that the
Plaintiffs rely upon it, then, under the law, the Plaintiffs may
rely upon the truth of the representation even though its falsity
could have been discovered had the Plaintiffs made an
investigation, unless the Plaintiffs knew the representation to
be false or its falsity was obvious to the Plaintiffs.

For loss or damage to be a legal cause of fraud, it must be shown that, but for the fraud, the loss or damage would not have occurred.

Now, if you find that the Plaintiffs have failed to prove their claim of fraud under these instructions, then, of course, your verdict will be for the Defendants on the fraud claim.  On the other hand, if you find for the Plaintiffs, you must then consider the Defendants' defense to the fraud claim; namely, the defense of waiver as to which the Defendants have the burden of proof by a preponderance of the evidence.

It is a general rule of law that if one is induced by misrepresentations or fraud to enter into a contract, and thereafter, at a time when the defrauded person has discovered or reasonably should have discovered the nature of the deception, such person receives from the party guilty of the fraud some substantial concession or enters into a new and more favorable contract in respect to the transaction, the defrauded person thereby waives and gives up any right to recover damages as a result of the original misrepresentations.

If you find for the Plaintiffs and against the Defendants on the fraud claim, then you will consider the issue of damages according to my later instructions.

12

### Jury Instruction No. 8

The Plaintiffs claim that the Defendants are liable for negligent misrepresentation. Just like the Plaintiffs' fraud claim, the Plaintiffs' claim for negligent misrepresentation can be based on an omission, as well as a false statement.

To prevail on their negligent misrepresentation claim, the Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First:     That one or more of the Defendants made a statement concerning a material fact that the Defendants believed to be true, but which was in fact, false, or that one or more of the Defendants failed to disclose a material fact;

Second:    That one or more of the Defendants were negligent in making the statement because the Defendants should have known that the statement was false, or that the omitted fact was material;

Third:     That, in making or omitting the statement, one or more of the Defendants intended or expected that the Plaintiffs would rely on the statement or omission;

Fourth:    That the Plaintiffs justifiably relied on the false statement or omission; and

Fifth:     That the false statement or omission was a legal cause of the loss or damage sustained by the Plaintiffs.

Negligence is the failure to use reasonable care.
Reasonable care is that degree of care that a reasonably careful
person would use under like circumstances.  Negligence may
consist either in doing something that a reasonably careful
person would not do under like circumstances or in failing to do
something that a reasonably careful person would do under like
circumstances.

Now, if you find that the Plaintiffs have failed to prove
the claim of negligent misrepresentation under these
instructions, then, of course, your verdict will be for the
Defendants.  On the other hand, if you find for the Plaintiffs,
you must then consider the Defendants' defense to the negligent
misrepresentation claim; namely, the defense of comparative
negligence as to which the Defendants have the burden of proof by
a preponderance of the evidence.

On the comparative negligence defense, the Defendants must
prove by a preponderance of the evidence that the Plaintiffs were
negligent in relying on Defendants' statement or omission
concerning a material fact and that such negligence was a
contributing legal cause of any loss or damage the Plaintiffs
sustained.

Finding in favor of the Defendants on the defense of
comparative negligence will not necessarily prevent recovery by
the Plaintiffs, it will only reduce the amount the Plaintiffs

14

will recover from the Defendants.  In other words, if you find
that the Plaintiffs' loss or damage was partly due to the fault
of the Plaintiffs – that the Plaintiffs' own negligence was, for
instance, 50% responsible for the Plaintiffs' loss or damage –
then you will fill in that percentage as your finding on the
verdict form that I will provide to you momentarily.

Such a finding would not prevent the Plaintiffs from
recovering; the Court will merely reduce the Plaintiffs' damages
by the percentage that you insert.  Of course, by using the
example number 50%, I do not mean to suggest to you any specific
figure at all.  If you find that the Plaintiffs were negligent,
you might find 1%, 99%, or any other percent.

## Jury Instruction No. 9

Florida law provides a cause of action against a broker of residential real property for failure to disclose material facts. The law requires that where a broker knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the broker is under a duty to disclose them to the buyer.

To prevail on their claim for failure to disclose material fact, the Plaintiffs must prove each of the following by a preponderance of the evidence:

First:      That one or more of the Defendants knew of facts materially affecting the value of the Property at the time it was sold to the Plaintiffs;

Second:     That one or more of the Defendants failed to disclose the material facts to the Plaintiffs before the Plaintiffs purchased the Property;

Third:      That the material facts were not readily observable to the Plaintiffs;

Fourth:     That the material facts were not known to the Plaintiffs;

Fifth:      That the non-disclosure of the material facts was a legal cause of the loss or damage sustained by the Plaintiffs.

The Court instructs you that there is language in the contract for the sale of the Property that constitutes an "as is" clause.  An "as is" clause in a contract for the sale of residential real property does not eliminate the broker's duty to disclose hidden material defects in the Property of which he knows.  Therefore, you should not consider the "as is" language in the contract when you are deciding the issue presented in this instruction.

Breach of a duty to disclose a material fact is a legal cause of loss or damage if, but for the failure to disclose material facts, the loss or damage would not have occurred.

If the preponderance of the evidence does not support the failure to disclose claim of the Plaintiffs under these instructions, then, of course, your verdict will be for the Defendants.  On the other hand, if you find for the Plaintiffs and against the Defendants on the failure to disclose claim, then you will consider the issue of damages according to my later instructions.

## Jury Instruction No. 10

The Plaintiffs sue the Defendants for breach of contract. The Plaintiffs and the Defendants entered into a written contract known as the Transaction Broker Agreement.  A contract is an agreement establishing the parties' rights and duties.

In the Transaction Broker Agreement, the Defendants owed the Plaintiffs the following duties:

(1)  To deal honestly and fairly with the Plaintiffs;

(2)  To account for all funds;

(3)  To use skill, care, and diligence in the transaction;

(4)  To disclose all known facts that materially affect the value of the Property that are not readily observable to the Plaintiffs; and

(5)  To present all offers and counteroffers in a timely manner.

To prevail on their claim of breach of contract, the Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First:     That one or more of the Defendants failed to perform their duties under the contract; and

Second:   That the Defendants' breach of contract was a legal cause of the loss or damage sustained by the Plaintiffs.

For loss or damage to be the legal cause of a breach of contract, it must be shown that, but for the breach of contract, the loss or damage would not have occurred.

If the preponderance of the evidence does not support the breach of contract claim of the Plaintiffs, then, of course, your verdict will be for the Defendants.  If you find for the Plaintiffs and against the Defendants on the breach of contract claim, then you will consider the issue of damages according to my later instructions.

## Jury Instruction No. 11

Under the law, every party to a contract is considered to have agreed to act in good faith and to deal fairly; this is known as the "implied covenant of good faith and fair dealing." The Plaintiffs assert that Defendants breached this covenant.

To prevail on this claim, the Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First:   That one or more of the Defendants committed a breach of contract; and

Second:  That such breach was not the result of an honest mistake, bad judgment or negligence, but, rather, was a conscious and deliberate act that unfairly frustrated the agreed purpose of the contract and disappointed the reasonable expectations of the Plaintiffs.

If the preponderance of the evidence does not support the breach of the implied covenant of good faith and fair dealing claim of the Plaintiffs, then, of course, your verdict will be for the Defendants.  If you find for the Plaintiffs and against the Defendants on the breach of the implied covenant of good faith and fair dealing claim, then you will consider the issue of damages according to my later instructions.

## Jury Instruction No. 12

If you find for the Plaintiffs and against the Defendants on their defenses, you must then decide the issue of the Plaintiffs' damages.

In considering the issue of the Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(1) Loss of the appraised market value of the property as of the date of purchase that is attributable to the wrongful acts of the Defendants (as measured by the difference between the appraised value of the Property without the restrictions in the variance and the appraised value of the Property with the restrictions in the variance); and

(2) Any other economic loss which would not have occurred but for the Defendants' wrongful acts.

## Jury Instruction No. 13

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages - that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiffs failed to seek out or take advantage of another opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiffs' damages by the amount that could have been reasonably realized if the Plaintiffs had taken advantage of such opportunity.

## Jury Instruction No. 14

If you find for the Plaintiffs and against the Defendants, you should consider whether, in addition to compensatory damages, punitive damages are warranted under the circumstances in this case as a punishment and as a deterrent to others.

The trial of the punitive damages issue is divided into two stages. In the first stage, you will decide whether the conduct of the Defendants is such that punitive damages are warranted. If you decide that punitive damages are warranted, we will proceed to the second stage during which the parties may present additional evidence and argument on the issue of punitive damages.

I will then give you additional instructions, after which you will decide whether in your discretion punitive damages will be assessed and, if so, the amount.

Punitive damages are warranted if you find by clear and convincing evidence that Defendants were personally guilty of intentional misconduct or gross negligence. "Intentional misconduct" means that Defendants had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the Plaintiffs would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that the conduct of Defendants was so reckless or wanting in care that it

23

it constituted a conscious disregard or indifference to the life, safety, or rights of the persons exposed to such conduct.

"Clear and convincing evidence" differs from the "preponderance of the evidence" in that it is more compelling and persuasive. A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true. In contrast, "clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

You may determine that punitive damages are warranted against one Defendant and not the other, or against both of the Defendants.

## Jury Instruction No. 15

If you find for the Plaintiffs you must not take into account any consideration of attorneys fees or court costs in deciding the amount of the Plaintiff's damages.  The matter of attorneys' fees and court costs will be decided later by the Court.

## Jury Instruction No. 16

Of course, the fact that I have given you instructions concerning the issue of the Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Jury Instruction No. 17

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.