UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNARD WARFIELD, JR., *et al.*,

    Plaintiffs,

v.                        Case No. 2:07-cv-332-FTM-33SPC

JAMES A. STEWART, *et al.*,

    Defendants.
_____/

**<u>ORDER</u>**

This matter is before the Court on consideration of United States Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. # 383), entered on November 2, 2009, recommending that Defendants' Motion for Award of Attorneys' Fees and Non-Taxable Expenses (the "Motion" Doc. # 361) be granted in part and denied in part. Specifically, Judge Chappell recommends that Defendants be awarded $186,278.50 in attorneys' fees and $1,937.99 in costs.

On November 25, 2009, Defendants, as well as Plaintiffs, filed objections to the Report and Recommendation (Doc. ## 386, 387). Plaintiffs responded to Defendants' objections on December 7, 2009. (Doc. # 388). Defendants responded to Plaintiffs' objections on December 10, 2009. (Doc. # 389). For the reasons that follow, the Court will adopt the Report and Recommendation.

I.   **Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

II.  **The Report and Recommendation**

A jury tried this civil case from August 5, to August 12, 2009, and returned a verdict in favor of Defendants.  On September 3, 2009, Defendants filed the Motion requesting $186,278.50 in attorneys' fees and $15,155.63 in expenses. (Doc. # 361).[1]   Defendants supported the Motion with

---

[1] The Court has already awarded Defendants their taxable costs under 28 U.S.C. § 1920 pursuant to a Bill of Costs. (Doc. # 365).

affidavits and other evidentiary materials. (Doc. ## 362, 363, 364).

The Court referred the Motion to Judge Chappell for the issuance of a Report and Recommendation on September 30, 2009. (Doc. # 375). Judge Chappell entered her Report and Recommendation on November 2, 2009, in which she determined that (1) Defendants, as real estate brokers, are covered under the attorneys' fees provision in the Contract for Sale of the home (hereafter, the "Attorneys' Fees Clause"); (2) Defendants are entitled to their attorneys' fees under the Attorneys' Fees Clause; (3) Defendants' attorneys' fees are reasonable; and (4) Defendants are entitled to costs pursuant to 28 U.S.C. § 1920, which does not include certain expenses, such as non-court appointed expert witness fees.

Judge Chappell recommends that Defendants be awarded 100% percent of their requested attorneys' fees ($186,278.50). Although Defendants requested $15,155.63 in expenses, Judge Chappell recommends that Defendants be awarded costs in the amount of $1,937.99.

### III. **Objections**

#### 1. **Defendants' Objection**

Defendants object to Judge Chappell's recommendation as to expenses only. Defendants do not agree that their recovery

of costs and expenses is limited by 28 U.S.C. § 1920.[2] Defendants assert that they are entitled to reimbursement of their expert witnesses' fees under the Attorneys' Fees Clause, which provides:

> **ATTORNEYS' FEES; COSTS:** In any litigation, including breach, enforcement or interpretation, arising out of this Contract, the prevailing party in such litigation, which for purposes of this Standard, shall include Seller, Buyer and any brokers acting in agency or non-agency relationships authorized by Chapter 475 F.S. as amended, shall be entitled to recover from the non-prevailing party, reasonable **attorneys' fees, costs, and expenses**.

(Doc. 383 at 3)(emphasis added).

Defendants contend that their expert witnesses' fees constitute recoverable "expenses" under the Attorneys' Fees Clause.

---

[2] 28 U.S.C. § 1920 states:

A judge or clerk of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursement for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

-4-

### 2. **Plaintiffs' Objections**

Plaintiffs object to Judge Chappell's recommendation that Defendants be awarded their attorneys' fees under the Attorneys' Fees Clause. Plaintiffs argue: "There is no statutory or contractual basis to award Defendants' attorneys' fees because they were not parties to the agreement containing the attorneys' fees provision, none of the claims against [Defendants] were based on that agreement, and the unrefuted evidence established that the agreement containing the attorneys' fee provision was invalid." (Doc. # 387 at 3).

Plaintiffs argue, in the alternative, that if Defendants are entitled to an award of attorneys' fees, the amount requested is excessive. Plaintiffs specifically argue that Defendants improperly charged for "an army of partners, associates, summer associates, and paralegals." (Doc. # 387 at 2).

## IV. **Analysis**

### 1. **The Attorneys' Fees Clause**

Plaintiffs assert a variety of arguments concerning the application of the Attorneys' Fees Clause to the facts of this case. Among other arguments, Plaintiffs assert that Defendants are not covered by the Attorneys' Fees Clause. Plaintiffs also contend that the Attorneys' Fees Clause is not relevant to this suit because Plaintiffs' claims did not

"arise out of" the Contract for Sale    Last, Plaintiffs advance the theory that there is no valid contract in this case. For the reasons that follow, the Court determines that each argument asserted by Plaintiffs must fail.

Plaintiffs' argument that the Attorneys' Fees Clause does not apply in this case is not well taken.

Count nine of Plaintiffs' second amended complaint, asserted against Defendants for breach of contract, states in pertinent part:

> The Contract for Sale provides for "reasonable attorney's fees, costs and expenses" in the event of litigation arising out of the Contract for Sale against the Seller and/or "any brokers acting in agency or nonagency relationship authorized by 475, F.S." As a result of Defendants VIP/Hall's breach of the agreement, Plaintiffs seek to rescind the contract or seek a constructive trust or seek damages suffered from the breach; and Plaintiffs also request such other relief as this Honorable Court may deem proper and just, including prejudgment interest, **costs, and attorneys' fees**.

(Doc. # 199 at ¶¶ 186-187)(emphasis added).

Count ten of the second amended complaint, asserted against Defendants for breach of the implied covenant of good faith and fair dealing, mirrors the above-quoted language concerning the Attorneys' Fees Clause. (Doc. # 199 at ¶¶ 204-205).

Plaintiffs are estopped from arguing that the Attorneys' Fees Clause does not entitle the prevailing party to fees at this point. Their change of position after the jury rendered

a zero verdict is quite telling.  As argued by Defendants, "the Plaintiffs are estopped from claiming that the attorneys' fee provision does not apply to the Realtor Defendants, as such position is entirely inconsistent with their claims in the Second Amended Complaint." (Doc. # 389 at 10).

In addition, the Court agrees with Judge Chappell's analysis of Florida law on this point.[3]  Plaintiffs object to Judge Chappell's recommendation based on the court's holding in Sanchez v. Braun & May, 795 So. 2d 1006 (Fla. 4th DCA 2001).  There, purchasers of real property sued their real estate brokers, among others, when the walls of their home began to deteriorate.  The relevant sales contract contained the following attorney's fees provision: "In any litigation (including all appeals) arising out of this Contract involving the Seller and Buyer or Broker or Escrow Agent, the prevailing party shall be entitled to recover all costs incurred, including reasonable attorney's fees." Id. at 1008.

The purchasers prevailed in their suit against the brokers and moved for attorneys' fees under the contract;

---

[3] In this diversity case, the Court applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result. Tech. Coating Apps., Inc. v. United States Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998).  Furthermore, this Court must apply Florida law in the same manner that the Florida Supreme Court would apply it. Brown v. Nicholas, 8 F.3d 770, 773 (11th Cir. 1993).

however, the court declined to award attorneys' fees, holding: "this provision applies to an action between the seller and the broker, but not to an action between the buyer and the broker." Id. at 1008. The court did not explain its reasoning except to state that the broker did not sign the sales contract for the property. Id.

Defendants, on the other hand, rely on the holding in Schumacher Props., Inc. v. Rellinger, 911 So.2d 193 (Fla. 3d DCA 2005). There, a dispute between a seller and a broker resulted in litigation. The sales contract in the Schumacher case was nearly identical to the one in the present case and stated:

> Attorney Fees and Costs: In connection with any litigation arising out of this Contract, the prevailing party, whether Buyer, Seller, or Broker, shall be entitled to recover all costs incurred, including reasonable attorney's fees for services rendered in connection with such litigation, including appellate proceedings and post judgment proceedings.

Schumacher Props., 911 So. 2d at 195.

The Schumacher Props. court distinguished Sanchez and held that "since the broker was included in the attorney's fees clause and the broker, buyer, and seller all signed the commission provision of the contract, there can be no claim that the 'prevailing party' clause is not intended to apply to the broker." Id. at 196. The court further reasoned that, "we

-8-

hold the attorney's fee provision applies for or against the broker, depending upon who prevails." Id.

After due consideration, the Court determines that the holding in Schumacher Props. should control the attorneys' fees dispute in this case. Although Defendants did not sign the Contract for Sale, the detailed Attorneys' Fees Clause clearly stated that "the prevailing party in such litigation, which for purposes of this Standard, shall include Seller, Buyer and any brokers acting in agency or non-agency relationships authorized by Chapter 475 F.S. as amended, shall be entitled to recover from the non-prevailing party, reasonable attorneys' fees, costs, and expenses." (Doc. 383 at 3).

It cannot be disputed that the Attorneys' Fees Clause in this case applied to attorneys' fees paid by "brokers" authorized by Florida Statute Section 475, and Defendants are "brokers" under Florida Statute Section 475.

The Court has also examined Plaintiffs' argument that the Sales Contract, and the Attorneys' Fees Clause contained therein, is not relevant because the litigation did not arise out of the Sales Contract. The Court does not credit this argument. In addition to breach of contract claims, Plaintiffs advanced tort claims against Defendants for fraudulent inducement, negligent misrepresentation, fraudulent

misrepresentation and breach of the Johnson v. Davis duty to disclose material facts in the sale of residential real estate.[4] All of the complaint allegations stem from the same core allegations. The Court has previously identified the core allegations as (1) failure to disclose the Restriction and (2) false representation of the asking price of the home to Plaintiffs. (Doc. # 262 at 22).

Judge Chappell discussed Telecom Italia, SPA v. Wholesale Telecom Corp., 248 F.3d 1109 (11th Cir. 2001)("where the dispute occurs as a fairly direct result of the performance of contractual duties . . . then the dispute can fairly be said to arise out of or relate to the contract in question") and she correctly determined that "the Realtor Defendants . . . were covered by the Clause because the Plaintiffs brought claims for fraudulent misrepresentation and the fraudulent misrepresentation could not be raised without the contract." (Doc. # 383 at 6).

The Court is also confident that Judge Chappell correctly recommends that Defendants be awarded attorneys' fees after review of Caufield v. Cantele, 837 So. 2d 371 (Fla.

---

[4] In Johnson v. Davis, the Florida Supreme Court held, "where the seller of a home knows of facts materially affecting the value of the property which are not readily observable and are not known to the buyer, the seller is under a duty to disclose them to the buyer." 480 So.2d 625, 629 (Fla. 1985). The same duty of disclosure applies to realtors.

2002). Caufield did not involve a dispute with a broker, however, it is relevant to the facts of this case because it held that a claim for fraudulent misrepresentation made externally to a contract concerning property purchased pursuant to the contract did, indeed, arise out of the contract. Id. at 379. The Caufield Court stated, "had there been no contract, the ensuing misrepresentation would not have occurred. Therefore, the existence of the contract and the subsequent misrepresentation in this case are inextricably intertwined such that the tort complained of necessarily arose out of the underlying contract." Id. at 379.

Additionally, this Court has considered Plaintiffs' unavailing argument that there was never a valid contract in this case. As correctly stated by Judge Chappell, "If there had never been a contract, there never would have been a lawsuit." (Doc. # 383 at 9).

The Court has given a careful and complete considerations to Plaintiffs' arguments concerning Defendants' entitlement to attorneys' fees in this case and determines that Judge Chappell's findings are correct and due to be adopted. The Court overrules Plaintiffs' objections concerning Defendants' entitlement to attorneys' fees, and the Court will now address Plaintiffs' objections to the amount of fees sought by Defendants.

## 2. The Amount of Attorneys' Fees to Award

Judge Chappell analyzed the fees requested by Defendants under <u>Florida Patient's Compensation Fund v. Rowe</u>, 472 So.2d 1145, 1146 (Fla. 1985) and considered such factors as (1) the time and labor required, the novelty of and difficulty of the question involved, the skill requisite to perform the legal services properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent. <u>Id.</u>

Defendants' attorneys billed Defendants at a very conservative rate and used billing judgment. Senior partners, including, but not limited to, Robert Sherman and Vicki Sproat, billed at a rate of $145 per hour for work performed prior to July 1, 2007, and $150 per hour for work performed after July 1, 2007. Associates and summer associates billed at a rate of $125 per hour. Legal assistants billed at of

rate of $60 per hour prior to July 1, 2007, and $70 per hour thereafter.

The Court acknowledges Plaintiffs' objection that an "army" of professionals worked on this case for Defendants; however, after review of the affidavit of G. Gordon Harrison, a Fort Myers, Florida attorney, the Court overrules Plaintiffs' objections concerning the amount of attorneys' fees sought. (Doc. # 363). The Court determines that the fees sought are reasonable and are below the prevailing rates charged by attorneys in the Fort Myers, Florida area.

In addition, after a careful review of the Report and Recommendation, the pleadings, the affidavits, and case law, the Court finds that the number of hours spent on the case was reasonable and not excessive. The Court adopts Judge Chappell's recommendation that Defendants be awarded $186,278.50 in attorneys' fees.

### 3. **Costs and Expenses**

Defendants seek $15,155.63 in litigation expenses over and above the $11,643.02 in costs taxed against Plaintiffs by the Court pursuant to Defendants' Bill of Costs (Doc. ## 359, 365). Judge Chappell recommends that Defendants costs be limited to those costs listed in 28 U.S.C. § 1920. She determined that Defendants should be awarded $1,937.99 in costs associated with making copies. Items of expenses that

Judge Chappell recommends be excluded include expert witnesses' fees as well as expenses associated with UPS, Fed Ex, travel, and faxes. (Doc. # 383).

Defendants object to the Report and Recommendation, arguing that the Attorneys' Fees Clause specifically allows the prevailing party "to recover from the non-prevailing party, reasonable **attorneys' fees, costs, and expenses**." (Doc. # 383 at 3)(emphasis added). Defendants argue that the expert fees and other expenses are covered under the Attorneys' Fees Clause: "this language expresses the parties' intent that the prevailing party recover litigation expenses in addition to taxable costs." (Doc. # 386 at 2). Defendants contend that Judge Chappell's Report and Recommendation does not give a reasonable, lawful, and effective meaning to all of the terms in the Attorneys' Fees Clause, particularly the "costs and expenses" language. Defendants refer to several cases concerning awards of costs and expenses. See <u>Columbia Data Prods., Inc. v. Symantec Corp.</u>, 6:06-cv-66-Orl-28KRS, 2008 WL 4365925 (M.D. Fla. Sept. 23, 2008)(interpreting an attorneys' fees provision to allow both taxable and non-taxable costs, including expert fees).

Plaintiffs, on the other hand, argue that Judge Chappell correctly interpreted the Attorneys' Fees Clause to exclude non-taxable costs, such as expert fees. Upon due

consideration, the Court overrules Defendants' objections to the Report and Recommendation. Defendants' case law, particularly Columbia Data Prods., is inapposite. There, the fee-shifting provision stated that the prevailing party could recover "all of the litigation expenses . . . including without limitation . . . expert fees, costs (taxable or otherwise) . . . ." Id. at *3.

Defendants' fee-shifting provision does not make it clear, as in Columbia Data Prods., that non-taxable costs, including expert fees, are recoverable. In conclusion, the Court finds that Defendants are limited to he recovery of 28 U.S.C. § 1920 costs and are not entitled to unlimited litigation expenses, as they requested. Specifically, they are entitled to $1,937.99 of the $15,155.63 in costs requested.

## V. Conclusion

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving *de novo* review to matters of law, the Court accepts and adopts the factual findings and legal conclusions of the magistrate judge and the recommendation of the magistrate judge regarding the motions.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. United States Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. # 383) is **ACCEPTED** and **ADOPTED.**

2. Defendants' Motion for Award of Attorneys' Fees and Non-Taxable Expenses (Doc. # 361) is granted in part and denied in part as follows: Defendants are awarded $186,278.50 in attorneys' fees and $1,937.99 in costs.

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>24th</u> day of February, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record