UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KENNARD WARFIELD, JR., *et al.*,

    Plaintiffs,

v.                         Case No. 2:07-cv-332-FTM-33SPC

JAMES A. STEWART, *et al.*,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiffs' Motion for Reconsideration of Order Awarding Defendants' Attorneys' Fees Incurred Due to the Untimely Submission of the Whitney Disclosure (the "Reconsideration Motion" Doc. # 394), filed on March 8, 2010. On March 22, 2010, Defendants Hall and VIP Realty Group, Inc. (the "Realtor Defendants") filed their Response in Opposition to the Reconsideration Motion (Doc. # 396).

For the reasons that follow, the Reconsideration Motion will be denied.

**I. Background**

A jury tried this case from August 5, to August 12, 2009, and returned a verdict in favor of the Realtor Defendants. On September 3, 2009, the Realtor Defendants filed their motion requesting attorneys' fees in the amount of $186,278.50 and expenses in the amount of $15,155.63 (the "Attorneys' Fees

Motion" Doc. # 361). The Realtor Defendants supported the Attorneys' Fees Motion with affidavits and other evidentiary materials. (Doc. ## 362, 363, 364).

The Court referred the Attorneys' Fees Motion to Judge Chappell, United States Magistrate Judge, for the issuance of a Report and Recommendation on September 30, 2009. (Doc. # 375). Judge Chappell entered her Report and Recommendation (Doc. # 383) on November 2, 2009, recommending that Attorneys' Fees Motion be granted in part and denied in part. Specifically, Judge Chappell recommended that the Realtor Defendants be awarded $186,278.50 in attorneys' fees and $1,937.99 in costs.

On November 25, 2009, the Realtor Defendants, as well as Plaintiffs, filed objections to the Report and Recommendation (Doc. ## 386, 387). Plaintiffs responded to the Realtor Defendants' objections on December 7, 2009. (Doc. # 388). The Realtor Defendants responded to Plaintiffs' objections on December 10, 2009. (Doc. # 389). On February 26, 2010, the Court adopted the Report and Recommendation (Doc. # 391). Plaintiffs seek reconsideration of the Court's order adopting the Report and Recommendation.

**II. Legal Standard**

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F.Supp.2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must

demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F.Supp.2d at 1308. Further, as explained in Ludwig v. Liberty Mutual Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at 9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

### III. Analysis

Plaintiffs' theory of the case was that the Realtor Defendants knew that the property in question was encumbered

by restrictions, but that the Realtor Defendants failed to disclose those restrictions to Plaintiffs. The Realtor Defendants produced a document prepared by a prior owner of the property which discussed various restrictions (the "Whitney Disclosure"). The Realtor Defendants did not produce the Whitney Disclosure in response to the discovery requests that Plaintiffs propounded on the Realtor Defendants between October 2007 and May 2008. Instead, the Realtor Defendants produced the Whitney Disclosure on June 28, 2008, after the depositions of all of the parties and key witnesses had been completed.

Plaintiffs amended their complaint after receipt of the Whitey Disclosure, and the Court re-opened discovery for a six month period. During that time, the depositions of six key witnesses (James Hall, Robin Humphrey, Terrill Stewart, Pamela Whitney, Kennard Warfield, and Mary Ellen Warfiled) were re-opened. The parties also revised and re-filed their motions for summary judgment. After a trial on the merits, the Realtor Defendants prevailed, and the Court awarded the Realtor Defendants attorneys' fees and costs.

Plaintiffs now contend that the Realtor Defendants' attorneys' fees and costs should be reduced due to their untimely production of the Whitney Disclosure. Plaintiffs submit that "it is not possible to calculate with certainty

the total amount of fees and expenses attributable to the Defendants' misconduct." (Doc. # 394 at 3). Plaintiffs request an order reducing the attorneys' fees awarded to the Realtor Defendants by at least $19,670, the amount the Realtor Defendants' attorneys' billed "between the Court's February 20, 2009 Order denying the original summary judgment motions as moot and the briefing of their and Plaintiffs' second motions for summary judgment." (Doc. # 394 at 3). Essentially, Plaintiffs contend that the Court has rewarded the Realtor Defendants' alleged discovery misconduct.

The Realtor Defendants counter that Plaintiffs' arguments are not suitable for a motion for reconsideration because these issues have already been vigorously litigated. Second, the Realtor Defendants argue that "there is no finding that the Defendant Realtors had in any way acted in bad faith or had defied court orders." (Doc. # 396).

The Court denies the Reconsideration Motion because the issue of the Realtor Defendants' attorneys' fees and costs (including the sub-issue of the late disclosure of the Whitney Disclosure) has been extensively litigated. Specifically, Plaintiffs advanced identical arguments in their response to the Realtor Defendants' Attorneys' Fees Motion, in Plaintiffs' response to the Realtor Defendants' proposed bill of costs, and in Plaintiffs' objections to the Magistrate Judge's Report

and Recommendation. Each time, the undersigned District Judge and the Magistrate Judge rejected Plaintiffs' arguments. As characterized by the Realtor Defendants, this particular issue has been litigated "ad nauseam." (Doc. # 396 at 3).

On a motion for reconsideration, this Court is not required to revisit issues that have been repeatedly litigated. As explained in Ludwig, 2005 U.S. Dist. LEXIS 37718, at *8, "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Id. at 9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted). A trial court's denial of a motion for reconsideration is reviewed for an abuse of discretion. O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992).

In the case of the present Reconsideration Motion, Plaintiffs seek to relitigate issues already decided by the Court in the comprehensive Order adopting the Magistrate Judge's Report and Recommendation concerning the Realtor Defendants' Attorneys' Fees Motion. (Doc. # 391). Plaintiffs do not assert that there has been an intervening change in the law, and Plaintiffs present no new evidence. In addition, Plaintiffs fail to argue that reconsideration is necessary to

prevent manifest injustice or clear error.  The Court stands behind its Order of February 26, 2010 (Doc. # 391), which granted the Realtor Defendants' their requested fees.  Upon due consideration, and for the reasons stated above, Plaintiffs' Reconsideration Motion is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion for Reconsideration of Order Awarding Defendants' Attorneys' Fees Incurred Due to the Untimely Submission of the Whitney Disclosure (Doc. # 394) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida, this 31st day of March, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record